JUAN JOSÉ MÉNDEZ RAMOS, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

Número 12778.

*Reasignado:* 20 de abril de 1961. *Resuelto:* 30 de junio de 1961.

*J. Córdova Rivera,* abogado del apelante; *J. B. Fernández Badillo, Procurador General de Puerto Rico* y *Rodolfo Cruz Contreras, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

En solicitud de hábeas corpus presentada por su propio derecho ante el Tribunal Superior, Sala de Arecibo, el apelante impugnó una sentencia de 6 a 10 años de presidio impuéstale por un delito de hurto mayor, por el fundamento de no existir entre el mínimo fijado de 6 años y el máximo

de 10 suficiente margen de fluctuación, por el cual se verían frustrados los propósitos de la Ley de sentencias indeterminadas. 34 L.P.R.A., secs. 1024–25. *Pueblo* v. *Tribunal Superior*, 78 D.P.R. 143.

El Tribunal de instancia, luego de una vista, declaró sin lugar la petición de hábeas corpus sin entrar a considerar los méritos de la cuestión planteada, por el fundamento de que la sentencia impugnada no la comenzaría a extinguir el peticionario hasta el 20 de diciembre de 1963, según el diligenciado del auto, ya que estaba extinguiendo una sentencia de 1 a 3 años de presidio impuéstale por otro delito de hurto mayor. por la Sala de Ponce del Tribunal Superior, y antes de comenzar a extinguir la de 6 a 10 años que impugnaba debería extinguir también otras dos sentencias de 1 a tres años de presidio impuéstale por la Sala de San Juan, por delitos de la misma índole.

En el recurso ante nos, por conducto del abogado a quien designamos para representarle en este Tribunal, el apelante sostiene que lo que trata de obtener es una enmienda de la sentencia impugnada, ya que el mínimo de 6 años viola el principio de la indeterminación y que siendo por tal razón nula dicha sentencia él puede atacarla por hábeas corpus aun cuando no haya comenzado a extinguirla.

No tiene razón el apelante. Es doctrina que debe quedar definitivamente establecida en esta jurisdicción(1) que el auto de hábeas corpus no procede para anular una sentencia cuya extinción no ha comenzado debido a que el peticionario está cumpliendo otra sentencia bajo la cual su prisión es legal. El propósito del auto es investigar la legalidad de la detención con miras a conceder el remedio de la excarce-

---

(1) En *Ex parte Rodríguez*, 3 D.P.R. 297 (1903) este Tribunal denegó la excarcelación del allí peticionario por el fundamento de que la pena principal de dos meses de cárcel que le fue impuesta por un delito contra el derecho electoral no había sido aún extinguida, siendo en ese momento todavía legal su prisión, por lo cual no procedía el auto, no obstante, la alegación de que se le retenía en prisión para que cumpliera 28 días adicionales de prisión subsidiaria por defecto del pago de costas.

186

lación si la misma es ilegal, o de admitirle fianza en casos apropiados. El uso del auto no procede para lograr determinaciones judiciales que no han de afectar la custodia o detención del peticionario. *Mc Nally* v. *Hill, Warden*, 293 U.S. 131, 79 L. Ed. 238 (1934). Cf. *Díaz* v. *Campos*, 81 D.P.R. 1009.

Habiendo actuado correctamente el tribunal de instancia, *la sentencia será confirmada.*

El Juez Asociado Sr. Serrano Geyls no intervino.