ISABELO PÉREZ GÓMEZ, peticionario y apelante *v.* GERARDO DELGADO, JEFE PENITENCIARÍA ESTATAL DE PUERTO RICO, demandado y apelado.

Número: 12841. *Resuelto:* 25 de agosto de 1961.

*Augusto Burgos Mundo y Santos P. Amadeo*, abogado del apelante; *Arturo Estrella, Procurador General Interino y Rodolfo Cruz Contreras, Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Asociado señor Blanco Lugo, como Presidente de Sala, y los Jueces Asociados señores Rigau y Dávila.

PER CURIAM: La petición de hábeas corpus radicada por el apelante en el Tribunal Superior, Sala de San Juan, está predicada en la falta de asistencia de abogado mientras se celebraba el juicio en el Tribunal de Distrito, Sala de Río Grande, por los delitos de alterar la paz y portación de armas. Fue declarada sin lugar y en apelación lo apunta como error ya que alega que en verdad el peticionario no tuvo asistencia de abogado en el juicio. Pero además señala que tampoco tuvo asistencia de abogado en las apelaciones que interpuso contra las sentencias dictadas en su contra en los referidos casos 58-1719 y 58-1720 de la Sala de Río Grande del Tribunal de Distrito.

La prueba presentada en el tribunal de instancia demuestra que por lo menos en dos ocasiones antes de la celebración de la vista se suspendieron los casos a petición del acusado. Y el día en que se celebró el juicio, el juez estuvo esperando al abogado designado por el acusado hasta cerca del mediodía. El abogado no compareció y los casos se vieron estando representado el acusado por un abogado que le nombró la corte. Antes de comenzar el juicio, el acusado conferenció con el abogado que le nombró el juez, manifestando la corte antes de dar comienzo a la vista de los casos, que tenían todo el tiempo que necesitaran para preparar la defensa. En repetidas ocasiones hemos resuelto, en casos con hechos similares, que no se ha vulnerado el derecho a tener asistencia de abogado. *Hernández* v. *Delgado*, 82 D.P.R. 488 (1961); *Méndez* v. *Delgado*, 83 D.P.R. 184 (1961).

Ahora en cuanto a la cuestión de falta de asistencia de abogado en la apelación, la realidad es que ni en la petición ni en la vista de hábeas corpus se planteó, y de hecho lo que está aquí envuelto no es eso. Se alega que el acusado apeló

de las sentencias condenatorias dictadas por el Tribunal de Distrito, Sala de Río Grande, en los casos 58-1719 y 58-1720 para ante el Tribunal Superior, Sala de San Juan, que el escrito de apelación fue suscrito por el Lic. Luis Sánchez Bahamonde mientras que todo el trámite posterior a la radicación del escrito fue notificado al Lic. Luis Miranda Correa, quien representó al acusado como abogado de oficio en la vista de los casos en el Tribunal de Distrito. Se sostiene que el Lic. Luis Miranda Correa notificó a la Secretaría del Tribunal que él no representaba al acusado en la apelación y que debía notificársele al Lic. Luis Sánchez Bahamonde de toda moción y resolución en los referidos casos. Se alega que a pesar de habérsele hecho esa notificación a la Secretaría del Tribunal Superior, Sala de San Juan, la moción del fiscal solicitando la desestimación del recurso fue notificado al Lic. Luis Miranda Correa. Se dice que como consecuencia de lo expuesto, los recursos de apelación en los dos casos fueron desestimados sin que el abogado contratado por el acusado para que le perfeccionara la apelación, fuera notificado de ninguno de los trámites.

Si estos hechos fueran ciertos, lo procedente no sería anular las sentencias dictadas por el Tribunal de Distrito, Sala de Río Grande, ya que éstas fueron pronunciadas por un tribunal con jurisdicción, por haber estado el acusado, como hemos ya determinado, debidamente asistido de abogado en la vista ante dicha sala. Lo que sí procede es, solicitar del tribunal de instancia, una vez demostrados estos hechos con audiencia al fiscal, que se reinstalen las apelaciones desestimadas en los casos 58-1719 y 58-1720 procedentes de la Sala de Río Grande del Tribunal de Distrito.

*Por los fundamentos anteriormente expuestos, procede confirmar la resolución apelada dictada por el Tribunal Superior, Sala de San Juan, el 20 de julio de 1959.*