EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ LUIS PIMENTEL CAMACHO, c/p ANGEL, acusado y apelante.

*Números:* CR-63-52, CR-63-53    *Resueltos:* 1ro. de octubre de 1963

*Víctor Velasco Gordills,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Nilita Vientós Gastón, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El acusado apelante José Luis Pimentel Camacho c/p Ángel fue acusado por violación de los Arts. 6 (*misdemeanor*) y 8 (*felony*) de la Ley de Armas de Puerto Rico (25 L.P.R.A. secs. 416 y 418). En el caso grave, fue declarado convicto por el jurado; y por el resultado de la misma prueba, el Tribunal Superior, Sala de San Juan, lo declaró culpable de la infracción de ley menos grave. Fue condenado a cumplir de 1 a 3 años en el caso del delito grave y 6 meses en el otro, ambas penas para ser cumplidas concurrentemente.

En apelación señala el apelante la comisión de cinco errores por el tribunal sentenciador, que discutiremos a continuación:

1.—Que el tribunal sentenciador admitió indebidamente prueba sobre la convicción del acusado por el delito de hurto de uso como parte de la evidencia en el caso de portar armas.

El testigo González Morell declaró que en la noche del 20 de abril de 1962 guardó su automóvil Chevrolet Impala de 1951, tablilla 758–973, en el garage de su residencia, y al no encontrarlo al siguiente día, informó el asunto a la policía y ese mismo día ésta se lo entregó. Se objetó esta prueba por impertinente y el tribunal de instancia la admitió sujeto a que luego se mostrara su pertinencia. El policía Bauzó declaró que a las 2:10 de la madrugada del 21 de abril de 1962, mientras iba de servicio en un jeep con el policía Reyes Maldonado por la carretera Núm. 3 de Río Grande, le pasó por el lado a gran velocidad el Chevrolet previamente descrito manejado por el apelante; que le dieron alcance en la carretera del Yunque; que vio que el apelante conducía dicho automóvil; que éste abandonó el mismo; que dentro de ese vehículo encontraron un revólver (que identificó en el curso de su testimonio) junto al sitio del conductor; que no volvió a ver al apelante hasta dos o tres días después, en el Cuartel General y después "en el Tribunal de Distrito en el caso de hurto de uso", es decir, "con motivo de un caso de hurto de uso: el carro, el mismo carro

este donde viajaba esa noche, que aparecía ese carro hurtado". Declaró Bauzó que era el automóvil donde se encontró el revólver; que el apelante se declaró culpable de hurto de uso en ese caso. Con respecto a esta evidencia, el juez sentenciador instruyó al jurado en los siguientes términos:

"Igualmente se ha hablado de que el acusado se había declarado culpable en la corte de distrito de un delito de hurto de uso en relación con el vehículo que supuestamente manejaba en el momento en que fue sorprendido por un policía. *Esa evidencia se ha admitido únicamente para que ustedes consideren el alcance que la misma pueda tener en relación con la admisión que conlleva, que lo que conlleva es una admisión en relación con este caso de que esa noche él estaba en ese carro.* No deben considerarla en el sentido de convicción por este delito porque no es ese el propósito con el cual se ha ofrecido, sino, simplemente, por el hecho de que a través de ella, pues, admite que había usado ese carro esa noche y que lo había usado sin autorización o sin consentimiento del dueño, que es en lo que consiste el delito de hurto de uso." (Énfasis nuestro.)

El recurrente oportunamente adujo que el testimonio de González Morell no era admisible y aunque dicha prueba quedó sujeta a que se mostrase su pertinencia, el récord no indica que tal cosa se hiciese con posterioridad durante el juicio. También se opuso el recurrente a la admisión del testimonio de Bauzó, al efecto en el Tribunal de Distrito "de aquí de San Juan" "con motivo de un caso de hurto de uso . . ." ". . . el acusado se declaró culpable", por el fundamento de que al recurrente se le acusaba por una infracción a la Ley de Armas; "que no se puede traer aquí nada en relación con el mismo delito, aunque, aún cuando sea parte de la misma transacción si no es para probar motivo, condición, etc. . . ." ". . . resulta lesivo a los intereses del acusado puesto que son delitos separados el hurto de uso [y la] portación de arma."

La regla de derecho con respecto a la admisión de otros hechos delictivos o de la comisión de otros delitos está

bien definida en nuestra jurisprudencia. En *Pueblo* v. *Archeval*, 74 D.P.R. 512, 515 (1953), la expusimos en la forma siguiente:

"La regla general es al efecto de que en un proceso criminal el acusado no puede ser juzgado nada más que por el delito imputado en la acusación; y que, por lo tanto, no es admisible prueba sobre otros delitos cometidos por el acusado. *Pueblo* v. *Rodríguez,* 66 D.P.R. 317. Por excepción, evidencia sobre otros delitos es admisible cuando el delito anterior es un hecho material para establecer la comisión del crimen imputado, o cuando el mismo forma parte del *res gestae* o cuando se presente dicha prueba para demostrar motivo, intención, premeditación, malicia o un plan común, o cuando ambos delitos formen parte de una misma transacción. *Pueblo* v. *Román,* 70 D.P.R. 50; *Pueblo* v. *Rodríguez,* supra; *Pueblo* v. *Pérez,* 47 D.P.R. 765."

Su aplicación no ha sido tarea fácil. *Pueblo* v. *Aponte González,* 83 D.P.R. 511, 517 (1961); *Pueblo* v. *García,* 78 D.P.R. 396 (1955); *Pueblo* v. *Román,* 70 D.P.R. 50 (1949); *Pueblo* v. *Rodríguez,* 66 D.P.R. 317 (1946); *Pueblo* v. *Pérez,* 47 D.P.R. 765 (1934); *Pueblo* v. *Juarbe,* 43 D.P.R. 448 (1932). Prueba de otros delitos debe admitirse con extrema cautela y si su relación con el delito objeto de la acusación no se puede determinar con claridad, la duda debe resolverse a favor del acusado, evitando así que los jurados puedan prejuiciarse por un hecho independiente que no constituye evidencia de la culpabilidad del acusado del delito por el cual se le juzga. *People* v. *Peete,* 28 C.2d 306, 316 (1946); *People* v. *Albertson,* 23 C.2d 550, 577 (1944). La evidencia de delitos anteriores debe estar tan relacionada en cuanto a tiempo, lugar y circunstancias a la ofensa imputada, que tenga valor probatorio sustancial en la determinación de la responsabilidad criminal del acusado. *People* v. *Formato,* 286 App. Div. 357, 143 N.Y.S.2d 205 aff. 132 N.E.2d 894 (N.Y. 1956). En *State* v. *Little,* 350 P.2d 756 (Ariz. 1960), se resolvió que en una causa de venta ilegal de narcóticos, no era admisible evidencia de dos ventas hechas un mes antes, una a la misma persona a

quien se hizo la venta que motiva la referida causa, y que se hicieron en secreto, para probar un plan que incluía las tres ventas, pues dichos hechos no eran suficientes para inferir la existencia de un plan que incluía las tres ventas; que no se demostró que los narcóticos en cada venta eran originalmente parte de una sola cantidad que el acusado planeaba subdividir y luego así lo hizo para venderlo o de que existía una relación planeada entre tales ventas. Véase, Anotación en 86 A.L.R.2d 1132 (1962). En *Mason* v. *State*, 66 So.2d 557 (Ala. 1953), se dictaminó que la evidencia de otros robos cometidos por el demandado no era admisible, en un proceso de robo contra él, pues no se demostró que existiese relación alguna entre los otros robos y el que motivó el proceso bajo consideración, no siendo tampoco admisible para probar la intención o motivación de robar en este caso o como parte de un plan común, ni era parte del *res gestae* de éste. Véase, Anotación en 42 A.L.R.2d 854 (1955).

■ En el caso ante nos, la prueba directa del delito grave imputado era suficiente para establecer la culpabilidad del apelante, pues habiéndose probado la ocupación de un revólver dentro de un vehículo manejado por el apelante surgieron dos presunciones: a) de portación ilegal, la cual el apelante estaba llamado a controvertir probando, si podía, que tenía licencia para portarla. *Pueblo* v. *Oquendo*, 79 D.P.R. 542, 545 (1956); *Pueblo* v. *Segarra*, 77 D.P.R. 736 (1954); y b) la presencia en un vehículo de las armas . . . es evidencia *prima facie* de su posesión ilegal. Art. 14 de la Ley de Armas (25 L.P.R.A. sec. 424).

El testimonio del dueño del vehículo al efecto de que no lo encontró en su garage por la mañana, informó el asunto a la policía y ésta se lo devolvió luego, es inmaterial e irrelevante, pues era parte de la prueba del delito de hurto de uso, evidencia del cual no era admisible en este caso como demostraremos más adelante. El testimonio sobre la culpabilidad del acusado por el delito de hurto de uso no era admisible pues no

constituía prueba material para establecer la comisión del delito de portar armas o que era parte del *res gestae* del mismo o que demostraba el motivo, intención, premeditación en la comisión de éste, o malicia o plan común, ni formaba parte de una misma transacción aunque los hechos de ambos delitos surgieron casi coetáneamente y el mismo vehículo estaba envuelto en ambos. La instrucción al efecto de que la declaración de culpabilidad del delito de hurto de uso conlleva la admisión de que en la noche de los hechos el acusado estaba en el vehículo es a todas luces errónea.

■ Pero la defensa renunció a su objeción a la admisión de toda la prueba relacionada en el párrafo anterior al preguntarle al propio testigo Bauzó lo ocurrido en el caso de hurto de uso del vehículo en que viajaba el acusado. Al contestarle éste que el acusado se declaró culpable, manifestó la defensa: "Bueno, que el acusado se declaró culpable en este caso." Luego le preguntó a Bauzó de qué y éste le contestó: "De hurto de uso. De haber hurtado el auto Chevrolet 758-973 en la noche de los hechos." *Pueblo* v. *Beltrán*, 73 D.P.R. 509 (1952); *Pueblo* v. *Castro*, 72 D.P.R. 96, 99 (1951). La instrucción del juez sentenciador con respecto a esta prueba no fue objetada por la defensa. Por lo tanto debe entenderse que renunció a cualquier error en ella. *Pueblo* v. *Negrón*, 79 D.P.R. 296, 302 (1956); *Pueblo* v. *Lampón*, 78 D.P.R. 109, 115 (1955).

■ 2 y 3.—El 2do. y el 3r. error se refieren a un comentario del juez sentenciador de que cierta manifestación de un testigo no tiene importancia y la instrucción de que la presencia de un revólver en un vehículo es evidencia *prima facie* de su posesión ilegal por todas las personas que se encuentren en el vehículo. Ni el comentario ni la instrucción fueron objetados por la defensa. Por lo tanto también debemos entender que el apelante renunció a cualquier error en tales actuaciones del Tribunal de instancia. *Beltrán*, supra, *Lampón*, supra.

■ 4.—Señala el apelante como error que el tribunal de instancia no dio suficientes instrucciones sobre la presun-

ción de inocencia. Pero no discute ni fundamenta este apuntamiento en su alegato. Hemos examinado la instrucción y creemos que es sustancialmente correcta.

5.—Por último, apunta el apelante que "El Pueblo de Puerto Rico no probó el cuerpo del delito, ya que no trajo prueba del domicilio o residencia del acusado."

■ Dijimos en *Oquendo*, supra, que toda acusación bajo el Art. 8 de la Ley de Armas (25 L.P.R.A. sec. 418) debe alegar, a tenor con el Art. 21 de dicha ley (25 L.P.R.A. sec. 431) en un caso como el que nos ocupa, como se alegó, que el apelante "portaba, conducía y transportaba un revólver cargado, sin tener licencia al efecto expedida para Portar Armas por el Tribunal Superior de Puerto Rico, Sala de San Juan, que es la Sala a la cual corresponde el domicilio del acusado en este caso." Pero como dijimos en *Oquendo*, supra, y en *Segarra*, supra, aunque es requisito dar a conocer al acusado que portaba el arma sin licencia, tan pronto la portación de dicha arma se probó, surge la presunción de portación ilegal que el acusado está llamado a controvertir, por ejemplo, probando, si puede, que tenía la licencia requerida. En el caso de la acusación bajo el Art. 6 de la Ley de Armas (25 L.P.R.A. sec. 416), sólo debe alegarse la posesión del arma sin haber obtenido previamente licencia expedida por el Jefe de la Policía de Puerto Rico para dicha posesión. De manera que de acuerdo con los términos de esta disposición ni hay que alegar, y menos probar el domicilio del acusado. Por lo tanto, no se cometió el error en cuestión.

*Por las razones indicadas se confirmará la sentencia apelada.*