EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ENRIQUE BARRERA GONZÁLEZ, acusado y apelante.

*Número:* CR-63-64        *Resuelto:* 17 de enero de 1964

*Edgardo Lloréns,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Como a las diez de la mañana del 26 de febrero de 1962 Antonio Santiago Rodríguez se encontraba barriendo el piso de su negocio, un cafetín, sito en la calle Miramar en Ponce, P.R. En esos momentos Enrique Barriera González, un residente de aquel vecindario, se acercó al mencionado establecimiento y desde la calle, a través de la puerta que estaba abierta, le hizo tres disparos a Santiago, alcanzándolo con dos balas en el pecho, una de las cuales le perforó el corazón. Al ocurrir lo descrito no se cruzaron palabras entre ambas

personas ni hubo riña alguna. Barriera entregó en fiscalía el revólver, calibre 38, de 5 tiros, y además 17 balas extras sin disparar que tenía encima.

El jurado rindió un veredicto de culpabilidad de asesinato en primer grado y también de culpabilidad de infracción del Art. 8 de la Ley de Armas (Portación o transporte de arma de fuego y municiones), 25 L.P.R.A. sec. 418.

El apelante señala los siguientes dos errores:

1. "Cometió gravísmo error el Tribunal al permitir y persistir en que este caso se celebrara habiendo anunciado el abogado que no estaba preparado."

2. "El otro error imputado consiste en las instrucciones ofrecidas al jurado en relación al concepto de deliberación y premeditación."

Veamos cuál fue la situación en cuanto al primer error señalado:

(a) La lectura de las acusaciones tuvo lugar el 23 de marzo de 1962. Para que representase al acusado en ese acto el Tribunal designó al Lcdo. William Morales Torres, quién así lo hizo. El acusado alegó ser no culpable y solicitó juicio por jurado en los dos casos graves. (Había también una violación menos grave a la Ley de Armas, Art. 6, posesión de arma de fuego sin tener licencia para ello, 25 L.P.R.A. sec. 416). Ese mismo día, 23 de marzo de 1962, el Tribunal designó a los letrados Edgardo Lloréns y Norberto Colón para que representasen al acusado en la vista de los casos en su fondo. (El Lcdo. Edgardo Lloréns de hecho lo representó en la vista del caso y es el mismo abogado que comparece ante nos en la apelación.) Se señaló la vista para el 11 de abril de 1962. El acusado quedó citado en sala.

(b) Llamado el caso para vista el 11 de abril de 1962, debido a que la defensa había radicado una moción sobre examen siquiátrico y habiéndose renunciado al término, el Tribunal señaló la vista de dicha moción para el 18 del

mismo mes y año y pospuso la vista de los casos en su fondo para el 22 de mayo de 1962.

(c) El 4 de mayo se celebró la vista sobre la moción de examen siquiátrico. Declararon los facultativos e informaron que el acusado estaba en estado procesable. Se señaló el caso de nuevo para el 14 de junio de 1962.

(d) El 14 de junio, llamado el caso para juicio, la defensa solicitó la posposición del mismo por no estar preparada para la vista. Accedió el Tribunal y se suspendió la vista para el 24 de julio de 1962. El acusado, la prueba y los abogados quedaron citados en sala. El día antes de la fecha en que se vería el caso, el 23 de julio, la defensa radicó una nueva moción de suspensión.

(e) Fue esta última moción de suspensión la que el Tribunal declaró sin lugar y procedió a ver el caso durante los días 24 y 26 de julio de 1962.

Surge de esta relación que desde el 23 de marzo de 1962, fecha en que el Tribunal designó a los letrados Lloréns y Colón para que representasen al acusado, hasta la fecha del comienzo del juicio, el 24 de julio de 1962, transcurrieron cuatro meses. No puede decirse que el Tribunal de instancia abusó de su discreción al no consentir a la última suspensión del juicio antes mencionada. *Pueblo* v. *Rodríguez Correa*, 88 D.P.R. 653 (1963); *Pérez Gómez* v. *Delgado*, 83 D.P.R. 346, 347 (1961); *Romero* v. *Jones*, 78 D.P.R. 572, 577 (1955). Como dijimos en *Romero* v. *Jones*, supra, a la pág. 577, no podemos entregarle a los acusados el dominio sobre los calendarios de los tribunales de justicia. No se cometió el primer error señalado.

Segundo error. Argumenta el apelante que erró el Tribunal al instruir al jurado y decirle: "El término deliberación, significa un estado de serenidad o sangre fría. No significa calcular o reflexionar durante mucho tiempo, sino una intención o propósito de matar, ejecutado por el acusado en un estado de serenidad, como consecuencia del deliberado pro-

pósito de satisfacer una pasión o venganza, o, para ejecutar cualquier acto ilegal." Expresa el apelante "que esa instrucción por sí sola, es errónea e incompleta."

Incurre el apelante en una práctica ya censurada por este Tribunal que consiste en forjar señalamientos de error a base de fragmentos aislados de las instrucciones al jurado, *Pueblo* v. *Cruz Pabón*, 87 D.P.R. 751 (1963). Las instrucciones, como cualquier otra expresión escrita o hablada, hay que tomarlas en su totalidad para entender su sentido correctamente y para juzgarlas con honestidad intelectual. Hemos examinado las extensas instrucciones al jurado, las cuales constan de 21 páginas y las encontramos suficientes y adecuadas. El párrafo citado por el apelante en su alegato ocurre a mediados de esas instrucciones y al leerse conjuntamente con las demás queda debidamente complementado.

Por ejemplo, inmediatamente a continuación del párrafo impugnado por el apelante el juez expresó:

"La premeditación y la deliberación dependen de la circunstancias del caso. El acto de disparar con un arma puede ser deliberado, pero también puede ser impulsivo e impetuoso. Así es que tenemos que, deliberar consiste en considerar, atenta y detenidamente, el pro y el contra. Esto es, las razones de nuestras decisiones o selecciones, antes de ampliarlas o realizarlas. Si el acusado ha deliberado en la forma expuesta, es cuestión a ser resuelta por el Jurado. La presencia o ausencia de deliberación es una cuestión de hecho a ser resuelta por ustedes."

"Los elementos de deliberación y premeditación pueden deducirse de la manera en que se usa un arma mortífera o quizás del mero uso de la misma. Así es que la diferencia en el fundamento entre el Asesinato en Primer Grado y el Segundo, es que en el caso de Asesinato en Primer Grado el acusado delibera su acto, lo pesa, lo mide, lo considera."

Un párrafo idéntico al aquí impugnado por el apelante se incluyó en las instrucciones impugnadas en *Pueblo* v. *Barreto Pérez*, 85 D.P.R. 752 (1962), las cuales sostuvimos como adecuadas.

*Tampoco se cometió el segundo error señalado. Se confirmarán las sentencias dictadas por el Tribunal Superior, Sala de Ponce, en estos casos el 14 de septiembre de 1962.*