Miriam Cepero Rivera y Minerva González Paniagua, peticionarias, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Herminio Miranda, Juez, demandado; El Pueblo de Puerto Rico, interventor.

*Número:* C-65-98     *Resuelto:* 14 de marzo de 1966

246

*Enrique González, Lorenzo Piñeiro Rivera, Ferdinand Rivera Ortega, Miguel Ángel Ortiz Lugo, Juan Mari Bras* y *Pedro Baiges Chapel,* abogados de las peticionarias; *J. B. Fernández Badillo, Procurador General,* y *Héctor R. Orlandi Gómez,* abogados del interventor.

PER CURIAM: Las peticionarias han sido acusadas de infringir el Art. 84 del Código Penal, 33 L.P.R.A. sec. 274, el cual lee como sigue:

"Toda persona *que intentare por medio de amenaza o violencia,* impedir a un funcionario ejecutivo que cumpla cualquier obligación impuéstale por la ley, o que a subiendas *ofreciere resistencia* a dicho funcionario en el cumplimiento de su deber, empleando viva fuerza o violencia, incurrirá en una multa máxima de cinco mil dólares y en pena de presidio por un término máximo de cinco años." (Subrayado nuestro.)

Con motivo de unos sucesos ocurridos en los terrenos de la Universidad de Puerto Rico las peticionarias fueron denunciadas y juzgadas por el delito de acometimiento y agresión grave cometido, según expresa la denuncia, en la persona del Capitán Carmelo González, de la Policía de Puerto Rico. Mientras dichos sucesos ocurrían, el Teniente Sandoval y el Sargento Mundo, de la Policía, procedieron al arresto de las peticionarias. Entonces las peticionarias, expresa la acusación, emplearon viva fuerza y violencia y ofrecieron resistencia a los mencionados funcionarios del orden público para impedir que éstos cumpliesen las funciones de sus cargos. La agresión, de haber ocurrido, fue a un funcionario distinto a aquellos a quienes se resistió.

Recurren a nosotros las peticionarias mediante *Certiorari*, de una resolución del Tribunal Superior declarando sin lugar una moción para desestimar. Su teoría es que como ellas fueron absueltas del delito de acometimiento y agresión grave por un Tribunal de Distrito, ya el asunto es cosa juzgada. En otras palabras, entienden que porque fueron absueltas de infringir la sec. 826 del Título 33 de L.P.R.A. ya no se les puede juzgar por una infracción al Art. 84 del Código Penal.

■ No tienen razón las peticionarias por dos razones. La primera es que para que exista una violación al Art. 84 del Código Penal no es requisito que se haya cometido otro delito anteriormente. Para exponer la segunda razón conviene ver antes el texto de la Regla 11 de Procedimiento Criminal que es la que contiene las disposiciones sobre arresto por un funcionario del orden público, ya que este caso gira sobre el problema de si los arrestos hechos o intentados eran válidos. No gira, como ya hemos dicho, sobre si se cometieron o no los delitos de acometimiento y agresión grave. La citada Regla 11, en lo pertinente, dispone:

"Un funcionario del orden público podrá hacer un arresto sin la orden correspondiente:

"(a) *Cuando tuviere motivos fundados para creer* que la

persona que va a ser arrestada ha cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario el funcionario deberá solicitar que se expida una orden de arresto." (Subrayado nuestro. Se omiten los incisos (b) y (c) de dicha Regla por no ser pertinentes al caso).

■ Como puede verse de la lectura de la propia Regla la misma no exige que en efecto se haya cometido un delito. Lo que la Regla exige es que el funcionario tenga motivos fundados para creer que la persona ha cometido un delito en su presencia. *Pueblo* v. *Cabrera Cepeda*, 92 D.P.R. 70 (1965); *Pueblo* v. *López Rivera*, 89 D.P.R. 791 (1964), escolio 7.

Pretender que el policía sólo pueda arrestar cuando se ha *cometido* un delito en vez de *cuando tuviera motivos fundados para creer* que se ha cometido, prácticamente quiere decir que los policías tendrían que ser magistrados y tendrían que celebrar un juicio para ver si se ha cometido el delito o no y, en caso afirmativo, entonces proceder al arresto. Es patente lo absurdo de esta posición. Es claro que la determinación de si se cometió un delito o no, no corresponde hacerla ni al policía ni a la persona que va a ser arrestada, sino que corresponde hacerla, en su día y mediante el debido proceso de ley, a un tribunal de justicia. La sociedad civilizada sobrevive predicada en la norma de que los individuos no se tomarán la justicia por su mano.

■ Debido a que lo que la regla exige es que el funcionario tenga motivos fundados para creer que la persona a ser arrestada ha cometido un delito en su presencia, la conducta del funcionario o agente del orden público ha de ser juzgada a base de la apreciación que haría una persona prudente y razonable de las circunstancias presentes. *Pueblo* v. *Cabrera Cepeda*, supra. Es suficiente para hacer válido el arresto que el funcionario o agente del orden tenga motivos fundados o razonables para creer que se ha cometido el delito por la persona arrestada o que se propone arrestar. LaFave, *Arrest* (1965) pág. 241. Como el criterio del funcionario, aunque

sea razonable y fundado, no ha de coincidir siempre con el criterio de los tribunales, un arresto puede ser legal, aun cuando posteriormente se determine que la persona arrestada no cometió el delito. Moreland, *Modern Criminal Procedure* (1959) pág. 11.

■ Por lo anterior es necesario concluir que aun en el supuesto de que la controversia de si las peticionarias cometieron o no acometimiento y agresión grave en la persona del Capitán González fuese cosa juzgada, no procede la desestimación de la acusación por un delito distinto, cual es la infracción al Art. 84 del Código Penal. 1 Wharton's *Criminal Law and Procedure* (1957) sec. 174, pág. 407. Si se probara que los agentes del orden público que se disponían a efectuar el arresto de las peticionarias tenían motivos fundados para creer que las acusadas habían cometido un delito en su presencia, ello sería suficiente para establecer la legalidad del arresto. Siendo legal el arresto, la resistencia al mismo mediante la fuerza o la violencia, de ser probada dicha resistencia, constituiría el delito comprendido en el Art. 84 del Código Penal.

Naturalmente, si las peticionarias cometieron o no dicha infracción no lo estamos decidiendo nosotros ahora. Eso corresponderá hacerlo al juzgador de los hechos. Lo que estamos resolviendo es que para que haya una infracción al Art. 84 no es indispensable que se haya cometido otro delito anteriormente. El Art. 84 comprende de por sí solo un delito público. Éste es el intentar por medido de amenaza o violencia, impedir a un funcionario ejecutivo que cumpla cualquier obligación impuéstale por la ley, o que a sabiendas se ofrezca resistencia a dicho funcionario en el cumplimiento de su deber, empleando fuerza o violencia.

*El auto expedido será anulado.*

Los Jueces Asociados Señores Belaval, Hernández Matos y Santana Becerra no intervinieron.