EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS E. ACEVEDO GONZÁLEZ, acusado y apelante.

*Número:* CR-66-444     *Resuelto:* 16 de octubre de 1967

356

*Raúl Torres González,* abogado del apelante; *J. B. Fernández Badillo, Procurador General, y Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El acusado fue convicto por un jurado de tres violaciones a la Ley de Narcóticos consistentes en poseer, transportar y vender heroína en violación al Art. 29 de dicha ley, 24 L.P.R.A. sec. 974z.

También fue convicto por el tribunal por una violación menos grave al Art. 4 de la Ley de Armas al portar una faca o cuchilla con una hoja de más de 3 pulgadas de largo. 25 L.P.R.A. sec. 414 y 454(d).

El apelante señala cinco errores. En el primero alega que el tribunal erró al admitir en evidencia la heroína y la faca porque fueron producto de un arresto y registro ilegales. La prueba creída por el jurado demuestra que el arresto y el registro fueron legales. El acusado fue observado por un policía mientras aquél se conducía de manera sospechosa en una calle en Río Piedras. Al poco rato otro agente del orden se le acercó al primer policía y ambos observaron al acusado y a otro individuo, que resultó ser Israel Cruz, mientras éstos se internaron por un zaguán. Los policías

los siguieron y observaron cuando el acusado le entregó un sobrecito o *deck* a Cruz y éste le entregó un billete al acusado.

Con motivo de esa transacción los policías arrestaron al acusado y a Cruz y los registraron. Al acusado le encontraron un sobre con siete sobrecitos o *decks* de heroína y una cuchilla, con una hoja de más de tres pulgadas de largo.

A la luz de esa prueba es claro que el arresto y el registro fueron legales. La Regla 11 de las de Procedimiento Criminal dispone lo siguiente:

"Un funcionario del orden público podrá hacer un arresto sin la orden correspondiente:
(a) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario el funcionario deberá solicitar que se expida una orden de arresto.
(b) Cuando la persona arrestada hubiese cometido un delito grave (felony), aunque no en su presencia.
(c) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito grave (felony), independientemente de que dicho delito se hubiere cometido o no en realidad."

Para un caso similar al de autos véase *Pueblo* v. *Cabrera Cepeda*, 92 D.P.R. 70 (1965). Allí se dijo que la Regla 11 "sólo exige que el funcionario tenga motivos fundados para creer que la persona ha cometido un delito en su presencia." Es claro que en el caso de autos los policías que observaron la transacción antes descrita, hecha en las circunstancias sospechosas que se describen en el récord (T.E. págs. 8–13), tuvieron motivos fundados para creer que el acusado había cometido un delito en su presencia. Los hechos de este caso justificaban el arresto bajo el inciso (a) o el (c) de la Regla 11 antes transcrita. Además de *Pueblo* v. *Cabrera Cepeda*, supra, véanse sobre el particular *Pueblo* v. *Morales Soler*, 94 D.P.R. 384 (1967); *Pueblo* v. *Marcial Pérez*, Sen-

tencia de 20 de febrero de 1967; *Pueblo* v. *Marrero*, Sentencia de 27 de enero de 1967; *Pueblo* v. *Rivera Torres*, Sentencia de 7 de noviembre de 1966; *Cepero Rivera* v. *Tribunal Superior*, 93 D.P.R. 245 (1966); *Pueblo* v. *Díaz Torres*, 89 D.P.R. 720 (1963).

El segundo error señalado impugna la suficiencia de la prueba en cuanto a las violaciones a la Ley de Narcóticos. No tiene méritos dicho error. Hay prueba en el récord suficiente para dar base al veredicto del jurado. También argumenta el apelante que el Art. 29 de la Ley de Narcóticos, 24 L.P.R.A. sec. 974z, no prohíbe la venta de heroína. No tiene razón. Dicho artículo, además de prohibir la posesión y la transportación (además de otras actividades) de heroína (y de otras drogas), también prohíbe el traspaso de heroína (y de otras drogas). El traspaso incluye la venta. El asunto ha sido ya resuelto adversamente para el apelante. Véase *Pueblo* v. *Maysonet*, Sentencia de 7 de abril de 1967.

El tercer error alega que el juez interrogó al testigo Israel Cruz en forma tal que desacreditó su declaración. La intervención del juez ocurrió con motivo de lo siguiente. Cruz había declarado que a él le habían ocupado heroína. El juez le preguntó si con motivo de esa ocupación de drogas le radicaron acusación. Cruz contestó que sí. El juez le preguntó si le habían leído la acusación y Cruz contestó que no. (T.E. págs. 92–93.) Esa intervención del Magistrado no tiene el alcance que le atribuye el apelante ni justifica que revoquemos.

El cuarto error sostiene que al juez instruir al jurado sobre los cargos de posesión y venta de drogas prohibidas, el juez erró en forma tal que causó grave perjuicio al acusado. Es cierto que en sus instrucciones sobre el primer cargo, el que imputaba la posesión, en una ocasión el juez dijo venta en vez de posesión, pero es evidente que eso fue

un *lapsus*. La defensa no objetó las instrucciones y renunció al planteamiento. Regla 137 de Procedimiento Criminal;[1] *Pueblo* v. *Pimentel Camacho*, 89 D.P.R. 135 (1963); *Pueblo* v. *Negrón*, 79 D.P.R. 296, 302 (1956); *Pueblo* v. *Lampón*, 78 D.P.R. 109, 115 (1955); *Pueblo* v. *Beltrán*, 73 D.P.R. 509 (1952). Además, ese *lapsus* no constituyó error suficiente que justifique una revocación. Las instrucciones tomadas en su totalidad fueron claras y suficientes. Las instrucciones hay que tomarlas en su conjunto para ver si llevan al jurado que las oye una exposición razonablemente correcta de la ley aplicable. No pueden ni deben considerarse por partes aisladas. *Pueblo* v. *Barriera González*, 89 D.P.R. 772 (1964).

■ El quinto error impugna la prueba relacionada con la violación a la Ley de Armas. El apelante quiso justificar la portación ilegal del arma aduciendo que era marino y la usaba al trabajar en el barco, pero él mismo declaró que no estaba trabajando en barco alguno para la fecha de los hechos. Los hechos no justifican determinar que la portación del arma fue "en ocasión de su uso como instrumento propio de un . . . oficio," como lo exige la ley, 25 L.P.R.A. sec. 414.

*No se cometieron los errores señalados. Se confirmarán las sentencias apeladas.*

El Juez Asociado Señor Belaval no intervino.

---

[1]". . . Ninguna de las partes podrá señalar como error cualquiera porción de las instrucciones u omisión en las mismas a menos que planteare su objeción a ellas o solicitare instrucciones adicionales antes de retirarse el jurado a deliberar, exponiendo claramente los motivos de su impugnación, o de su solicitud."