EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AURELIO GONZÁLEZ SOTO, acusado y apelante.

*Número:* CR-72-37      *Resuelto:* 15 de noviembre de 1974

*Raúl M. Olmo Olmo,* abogado del apelante; *Gilberto Gierbolini, Procurador General* y *Adolfo J. Vila, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue acusado de haber cometido seis actos impúdicos con sus cuatro hijas menores de 14 años de edad, en violación del Art. 260 del Código Penal de 1902, 33 L.P.R.A. sec. 966.

Luego de desfilada la prueba de cargo, el tribunal absolvió al acusado de dos de esas acusaciones por entender que no se presentó prueba para sostenerlas. El tribunal, además, sometió al jurado la consideración de otra de las acusaciones como una por acometimiento y agresión grave, por razón de que la menor concernida tenía más de 14 años a la fecha de los hechos. El jurado absolvió al apelante de ésa y de otra acusación y lo encontró culpable de las dos acusaciones restantes. Fue condenado a cumplir sentencias consecutivas de dos a cuatro años y de tres a cinco años de presidio.

La única cuestión que plantea el apelante consiste en que se permitió a una de las menores declarar sobre actos lascivos cometidos con ella por el apelante hacía aproximadamente siete años, cuando ella tenía 8 años de edad. La defensa sostiene que esa prueba no era admisible por tratarse de un delito remoto, prescrito y de un delito más grave que los que le fueron imputados al apelante.

Como se sabe, la norma general es al efecto de que no es admisible prueba de otros delitos cometidos por el acusado distintos a aquel cuya comisión se ventila en el juicio, salvo determinadas circunstancias, *Pueblo* v. *Reyes Lara,* 100 D.P.R. 676, 686 (1972) ; *Pueblo* v. *Pimentel Camacho,* 89 D.P.R. 135, 139 (1963), pero la necesidad de hacer justicia ha llevado a los tribunales a crear y a aceptar una serie de excep-

ciones a dicha norma, algunas de las cuales las relacionamos a las págs. 686 y 687 de *Pueblo* v. *Reyes Lara,* supra. El tratadista McCormick señala diez excepciones a la mencionada norma. McCormick *On Evidence* (1954), págs. 328–331.

■ Una de dichas excepciones, reconocida por la jurisprudencia y por los tratadistas, consiste en los delitos sexuales, pues residiendo la raíz de dichos actos frecuentemente en enfermedades o anormalidades mentales, puede demostrarse que una persona es propensa a cometer dichos actos cuando de hecho ha cometido varios iguales o parecidos. Véanse, *Pueblo* v. *Romero Cuesta,* 101 D.P.R. 404 (1973); *Pueblo* v. *Firpi Negro,* 96 D.P.R. 215 (1968); 1 Underhill, *Criminal Evidence,* 6ta. ed. (1973), sec. 212.

Dado el propósito de traer a colación delitos iguales o parecidos cometidos por el acusado—su compulsión o propensión a cometer tales actos—no hay una regla fija e inflexible sobre qué es cercano o remoto. Teniendo en cuenta la serie de actos envueltos en este caso no consideramos remotos, en el sentido de ser inadmisibles, los actos llevados a cabo por el apelante con una de sus hijas seis o siete años atrás. Tampoco es de importancia si el delito está prescrito o no. Como hemos señalado, lo que se trata de demostrar es la peligrosidad del acusado y no si los actos anteriores constituían todavía delito público o no. En *Firpi Negro,* supra, el tiempo transcurrido era de cuatro años y en *State* v. *Browder,* 112 S.E.2d 728 (1960), era de seis.

Como insinuamos en *Pueblo* v. *Claudio Serrano,* 102 D.P.R. 726 (1974), el caso de autos también parece a todas luces ser uno de los contemplados por el Art. 72 del Código Penal de 1974, 33 L.P.R.A. sec. 3373, cuyo artículo dispone que el convicto de los delitos sexuales allí mencionados "que hubiere revelado tendencia irreprimida a cometer dichos delitos, será declarado por el Tribunal delincuente sexual peligroso y será internado en una institución adecuada para su tratamiento." Sobre la estrecha relación entre el derecho penal sexual y la

siquiatría, pueden verse los siguientes trabajos: Bauer, *El Derecho penal sexual en la actualidad;* Hochheimer, *El Derecho penal sexual desde el punto de vista psicológico-antropológico;* Burger-Prinz, *Psiquiatría y Derecho penal sexual;* Adorno, *Tabús sexuales y Derecho en la actualidad* y otros, en *Sexualidad y Crimen,* 3ra. ed. alemana, versión española del Instituto Editorial Reus, Madrid, 1969. También Karpman, *The Sexual Offender and His Offenses* (1964). Señalan los autores que en esta clase de delitos, cuando no media violencia o coacción, generalmente los autores no persiguen cometer homicidios o hacer daño corporal a las personas sino que no hacen más que buscar compulsivamente, y aún a pesar de sí mismos, su triste satisfacción. Adorno, obra citada, pág. 331.

No habiéndose cometido el error señalado y dada la legislación positiva vigente, *se confirmarán las sentencias apeladas.*