EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. JUAN C. SANTIAGO MATOS, JUEZ, demandado; JOSÉ M. ALVERIO CINTRÓN, interventor.

Número: O-69-206          Resuelto: 30 de diciembre de 1969

*J. F. Rodríguez Rivera, Procurador General Interino,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario; *Félix A. Ramos Cabán,* abogado del interventor.

PER CURIAM: En 23 de diciembre de 1968 un sargento de la Policía Estatal juró denuncia contra José Manuel Alverio Cintrón por el delito de Violación Técnica. En enero 17 de 1969 se celebró la vista preliminar, resolviendo el magistrado que existía causa propable para radicar la acusación y efectivamente se radicó en el Tribunal Superior, Sala de Caguas, el 22 de enero de 1969. El acusado disfruta de libertad bajo fianza.

En 27 de enero del mismo año el acusado radicó una petición de *certiorari* ante el Tribunal Superior, Sala de Caguas, para que se revisara la determinación de causa probable. Objetó el fiscal fundándose en la doctrina establecida en el caso de *Pueblo* v. *Tribunal Superior,* 95 D.P.R. 412 (1967). El acusado presentó entonces un memorando

solicitando que la petición se considerara como una de hábeas corpus.

En 16 de junio de 1969 el tribunal emitió una resolución considerando la petición de *certiorari* como una de *habeas corpus* y señaló una vista "para que se exponga y se cuestione la base legal para la limitación de la libertad del peticionario."

Expedimos una orden para mostrar causas por las cuales no debía expedirse el auto de *certiorari* solicitado por el Pueblo de Puerto Rico y revocarse la referida resolución.

La limitación de la libertad del peticionario según éste alega, descansa en el hecho de que éste prestó una fianza para permanecer en libertad provisional mientras se celebraba el juicio.

Incurrió en error el Tribunal a quo al considerar la petición de *certiorari* como una de hábeas corpus y señalar una vista para cuestionar la limitación de la libertad del peticionario.

■ En esta jurisdicción es doctrina que la procedencia de un recurso de hábeas corpus depende de que exista una custodia o detención ilegal y una persona que tenga detenido ilegalmente a aquel a cuyo favor se solicita el auto. *Díaz v. Campos,* 81 D.P.R. 1009 (1960).

El Tribunal Supremo de los Estados Unidos ha ampliado el significado del término "custodia" para extenderlo a un convicto que cumple su sentencia bajo palabra. *Jones v. Cunningham,* 9 L.Ed.2d 285. En el caso de *Carafas v. Lavallee,* 20 L.Ed.2d 554, citado por el aquí interventor, el Tribunal Supremo de los Estados Unidos resolvió que no era académico un recurso de hábeas corpus interpuesto por un acusado mientras estaba detenido y privado de su libertad, por el hecho de que para la fecha en que dicho Tribunal iba a disponer finalmente del recurso, el acusado había cumplido la sentencia a prueba que extinguía. Da énfasis

el Tribunal en esa decisión al hecho de que una enmienda al estatuto federal de hábeas corpus hablaba de *"release from custody or other remedy"* y que la consideración de su recurso por el Tribunal Supremo era la última oportunidad que tenía el acusado, para librarse de las consecuencias de la sentencia, entre las cuales figuraban la prohibición a dedicarse a ciertos negocios, prohibición en servir como oficial en una unión obrera por determinado tiempo, prohibición de votar en las elecciones en el Estado de Nueva York y la prohibición de servir como jurado.

Si estamos dispuestos a adoptar esa doctrina en Puerto Rico, en vista del lenguaje diferente que se usa en nuestra ley de hábeas corpus, *quaere.*

■ Sólo una pequeña minoría, en las jurisdicciones norteamericanas, sostiene que un acusado bajo fianza se encuentra bajo custodia. Véase anotación en 77 A.L.R.2d 1307.

Un buen razonamiento sosteniendo la improcedencia del auto de hábeas corpus cuando el acusado goza de libertad bajo fianza, y con el cual convenimos, lo expone el Juez Aldrich en *Allen* v. *United States,* 349 F.2d 362.

*Por las razones expuestas, se expedirá el auto de certiorari y se revocará la resolución objeto de revisión.*

El Juez Presidente Señor Negrón Fernández, no intervino.