MIGUEL SANTIAGO MELÉNDEZ y OTROS, demandantes y apelantes, *v.* JUAN GASPAR RODRÍGUEZ, ALGUACIL, TRIBUNAL SUPERIOR DE PUERTO RICO, demandado y apelado.

Número: O-73-393 Resuelto: 11 de marzo de 1974

*Santos P. Amadeo, José Enrique Amadeo, Manuel Z. González Hernández,* abogados de los apelantes; *Myriam Naveira de Rodón, Procuradora General, Peter Ortiz* y *Adolfo J. Vilá, Procuradores Generales Auxiliares,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se acusó a Miguel Santiago Meléndez, el aquí peticionario, y a otros de actos cometidos, entre septiembre de 1971 y marzo de 1973, en violación del Art. 62 del Código Penal de Puerto

Rico, 33 L.P.R.A. sec. 161. Dicho artículo prohíbe, entre otras cosas, que dos o más personas conspiren para cometer algún acto perjudicial a la moral pública, a la seguridad pública, o encaminado a pervertir u obstruir la justicia o la debida administración de las leyes.

Un Juez de Distrito, luego de examinar varios testigos, encontró causa probable. Ejerciendo la facultad que le confieren las Reglas 6.1 y 7 de Procedimiento Criminal el juez no puso bajo fianza al peticionario sino que lo dejó libre bajo su propia responsabilidad.

En esas circunstancias el peticionario solicitó en el Tribunal Superior de Puerto Rico la expedición de un auto de hábeas corpus "para determinar si los peticionarios deben ser sometidos a juicio de acuerdo con el procedimiento criminal vigente en Puerto Rico." El Tribunal, luego de oírlos, denegó la expedición del auto de hábeas corpus. De esa determinación apeló ante nosotros Santiago Meléndez.

■ Este caso plantea la cuestión de si en las circunstancias antes dichas procede la expedición del auto de hábeas corpus. Debemos recordar, pues, cuál es el propósito de dicho recurso. Como se sabe, su propósito es proveer un medio sumario por el cual la autoridad judicial pueda determinar si es legal o ilegal la encarcelación o privación de la libertad de una persona. Dispone la ley que "Cualquiera persona que sea encarcelada o ilegalmente privada de su libertad, puede solicitar un auto de hábeas corpus a fin de que se investigue la causa de dicha privación." Art. 469 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 1741.

Bien sabemos que por interpretación judicial el auto de hábeas corpus ha sido expandido considerablemente para hacer posible la realización de su propósito, esto es, que nadie permanezca encarcelado o sufra limitaciones reales a su libertad, si no hay razón legal para ello. Pero, si el Derecho ha de ser una disciplina racional, como creemos que debe serlo, toda expansión tiene su límite. De lo contrario, se desvirtuaría la

propia institución jurídica que se quiere mejorar ampliándola.

 El auto de hábeas corpus, como cualquier otro recurso judicial, no debe utilizarse para llevar a cabo ejercicios académicos. Para eso existen—y lo decimos con todo respeto profesional—las revistas jurídicas, las revistas de ciencia o filosofía política y las revistas de ciencias sociales. De sobra tenemos los tribunales hoy día casos reales que resolver para que nos demos el lujo de ponernos a resolver cuestiones que no tienen un fin práctico. Como dijimos en *Díaz* v. *Campos*, 81 D.P.R. 1009 (1960), a la pág. 1020, "el hábeas corpus existe para investigar la validez de la detención y no la validez de la libertad." No procede para lograr determinaciones judiciales que no han de afectar la detención o custodia del peticionario. *Méndez* v. *Delgado*, 83 D.P.R. 184, 186 (1961).

El peticionario da énfasis a tres casos en apoyo de su posición. Por ser las circunstancias de dichos casos distintas a las del caso de autos los mismos no son aplicables. Los discutiremos brevemente. El primero es el de *Jones* v. *Cunningham*, 371 U.S. 236 (1963). En este caso el peticionario estaba bajo palabra y bajo la "custodia y control" de la Junta de Libertad Bajo Palabra. Entre otras limitaciones a su libertad, se le impuso la de tener que solicitar y obtener permiso para salir del pueblo, para cambiar su residencia y para poseer u operar un vehículo de motor. Además tenía que someter un informe mensual. Debía también permitir que un investigador visitase su hogar y su lugar de trabajo y debía obedecer sus instrucciones. Claramente en este caso la libertad del peticionario estaba limitada en forma importante y la procedencia del hábeas corpus parece ser racional y razonable.

El segundo caso de los antes mencionados es *Carafas* v. *Lavallee*, 391 U.S. 234 (1968). En este caso el convicto cumplió su sentencia mientras litigaba. El Estado sostuvo que por lo tanto el caso era académico, pero el Tribunal Supremo de los Estados Unidos, por voz del Juez Fortas, concluyó que no lo era porque existía una convicción de delito público y eso de

por sí acarreaba consecuencias perjudiciales. En el caso de autos el peticionario no ha sido convicto del delito del cual se le acusa.

■ El tercer caso de los antes mencionados es el de *Hensley* v. *Municipal Court*, 411 U.S. 345 (1973). En dicho caso el Tribunal se propuso determinar si una persona en libertad bajo su propia responsabilidad estaba "en custodia" dentro del significado de la ley federal de hábeas corpus, 28 U.S.C. sec. 2241 y ss. En esta jurisdicción no hemos resuelto, ni tenemos que resolverlo ahora, si vamos a adoptar las decisiones de los casos federales que surjan bajo el estatuto federal ya que el lenguaje de dicho estatuto es distinto al del nuestro, *Pueblo* v. *Tribunal Superior*, 98 D.P.R. 183, 185 (1969), pero, de todas maneras, las circunstancias del caso de *Hensley* son distintas a las del caso de autos. En *Hensley* el peticionario había agotado los recursos de la jurisdicción estatal antes de solicitar el hábeas corpus bajo el estatuto federal. Además, en dicho caso el peticionario ya estaba convicto y gozaba de libertad solamente debido a una orden de suspensión de la ejecución de la sentencia y si al expirar dicha orden no se le renovaba sería encarcelado. Puede verse que dicho caso también es sustancialmente distinto al de autos.

Tal vez consciente la mayoría del Tribunal, en dicho caso de *Hensley*, de lo controvertible de su posición, expresó en los párrafos finales de su opinión lo siguiente:

"Finalmente, enfatizamos que nuestra decisión no abre las puertas de los tribunales de distrito [federales] a todas las personas que hayan sido puestas en libertad bajo fianza o bajo su propia responsabilidad. Lo que nos concierne en este caso es el de un peticionario que ha sido convicto en un tribunal estatal y quien aparentemente agotó todos los remedios disponibles en la jurisdicción estatal. Cuando un peticionario que está en esas condiciones pretende obtener el remedio de hábeas corpus en una corte federal tiene que confrontarse con la doctrina del agotamiento de los remedios disponibles en la jurisdicción estatal."

En cuanto al argumento del peticionario en el caso de autos de que la Sec. 48 de la Ley de Relaciones Federales nos impone unas limitaciones, la realidad es que por el contrario lo que hace es concedernos unas facultades. En lo pertinente, dicha sección dispone lo siguiente:

"El Tribunal Supremo y las Cortes de Distrito de Puerto Rico y los respectivos Jueces de los mismos podrán conceder autos de hábeas corpus en todos los casos en que dichos autos puedan concederse por los Jueces de las Cortes de Distrito de los Estados Unidos, y las Cortes de Distrito podrán conceder autos de *mandamus* en todos los casos oportunos."

Como podrá verse, la disposición antes copiada no es ni siquiera mandatoria; es facultativa, expresa que los mencionados tribunales "podrán" conceder autos de hábeas corpus en los casos en que dichos autos pueden concederse por los tribunales de distrito federales.

■ No estando el peticionario en el caso de autos sometido a limitaciones reales y onerosas a su libertad, no creemos que procede la expedición del auto de hábeas corpus ni bajo la forma en que lo hemos aplicado en esta jurisdicción ni aun bajo la forma expandida tipificada por los casos de *Cunningham*, *Carafas* y *Hensley*, supra.

En adición a lo anterior, el recurrente tiene a su disposición la Regla 64(p) y (m) de Procedimiento Criminal, cuya Regla provee un remedio convencional y eficaz para plantear su alegación de prescripción y para cuestionar la determinación de causa probable. El propio Tribunal Supremo de los Estados Unidos en el caso de *Hensley* antes citado, se expresa, a la pág. 351, como sigue:

"Por ser el hábeas corpus un remedio extraordinario cuya función está en gran medida excluida de las reglas tradicionales de finalidad y federalismo, su uso se ha limitado a casos de especial urgencia, dejando disponibles para ser ejercitados los remedios convencionales para los casos en que la restricción de libertad no es grave ni inmediata."

*Se confirmará la sentencia apelada.*

El Señor Juez Presidente no intervino.

Los Jueces Asociados Señores Dávila, Martín e Irizarry Yunqué concurren en el resultado por entender que en vista de que el peticionario tiene a su disposición el procedimiento establecido en la Regla 64 (m) y (p) de las de Procedimiento Criminal de 1963 no es necesario resolver en este momento si una persona en libertad bajo su propia custodia tiene derecho a un hábeas corpus.