EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRAN-CISCO JOSÉ LAFONTAINE ÁLVAREZ, acusado y apelante.

*Número:* CR-67-216     *Resuelto:* 20 de noviembre de 1969

*Santos P. Amadeo*, abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino*, y *Héctor R. Orlandi Gómez, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El fiscal presentó tres acusaciones contra el apelante José Lafontaine Álvarez por infracciones al Art. 65 de la Ley Núm. 6 de 30 de junio de 1936, según enmendada, conocida como "Ley de Espíritus y Bebidas Alcohólicas", 13 L.P.R.A. sec. 1742, consistentes dichas infracciones en haber vendido bebidas alcohólicas en el negocio "Bar La Vida en Broma", en los días 10, 15 y 19 de agosto de 1966 sin estar el acusado provisto de una licencia expedida por el Secretario de Hacienda para el expendio de esas bebidas. El fiscal presentó además otra acusación contra el apelante por una infracción a la Ley de la Bolita, 33 L.P.R.A. sec. 1250, consistente en tener en su posesión y dominio material relacionado con el juego de la bolita y/o *bolipool*.

Vistos los casos en los días 8 y 9 de mayo de 1967, el

Tribunal Superior, Sala de San Juan, declaró culpable al acusado de los cuatro delitos y le impuso una sentencia de $100.00 de multa o un día de cárcel por cada dólar que dejara de pagar en cada una de las infracciones a la Ley de Espíritus y Bebidas Alcohólicas y seis meses de cárcel por infracción a la Ley de la Bolita.

Sostiene el apelante que (1) la sentencia por violar la Ley de la Bolita es nula porque la evidencia obtenida fue el producto de un arresto y un registro ilegales, y porque la Sec. 4 de dicha ley es inconstitucional, y (2) las sentencias por violar la Ley de Espíritus y Bebidas Alcohólicas son nulas porque el acusado, no siendo el dueño del establecimiento "La Vida en Broma", no venía obligado a tener licencia alguna para vender licores.

De acuerdo con la prueba de cargo, en horas de la noche de los días 10 y 15 de agosto de 1966 el agente encubierto de la Policía Estatal Jorge Martínez García, se personó en el cafetín "La Vida en Broma", sito en la calle Jefferson, esquina Molina de Loíza, y pidió al acusado, quien atendía entonces el negocio, dos cervezas por las cuales pagó. En ambas ocasiones el agente consumió una cerveza y se llevó las otras como evidencia a la División Control del Vicio. En las dos ocasiones el agente vio solamente al acusado atendiendo al negocio y despachando. Este agente no tenía conocimiento de quién era el dueño de ese negocio. El día 19 de agosto del mismo año 1966 por la noche llegó al referido negocio el agente Basilio Rivera acompañado de otro agente llamado Santiago Llanos. Había cinco o seis personas en el negocio haciendo uso de bebidas alcohólicas. Compró al apelante tres cervezas de las cuales consumió dos y la otra se la llevó como evidencia. Cuando llegó el resto del personal que esperaban, el agente Llanos se identificó y procedieron a pedirle al acusado la licencia para dedicarse al expendio de bebidas alcohólicas. El acusado informó que no tenía licencia alguna. Los agentes procedieron entonces a su arresto

y ocuparon "la evidencia que tenía en el negocio" consistente en unas cuatro botellas de licor de distintas clases y unas doce cajas de cereveza. Al arrestar al acusado, el agente Llanos lo registró y le ocupó en una cartera brown que tenía en el bolsillo derecho trasero del pantalón, una lista con números de tres cifras seguidos de un guión y cantidades a la derecha.

Cuando los agentes arrestaron al acusado, éste mandó a buscar a la señora Josefina Calderón, quien se personó en el establecimiento y dijo a los agentes que ella era la dueña de dicho negocio y que el mismo tenía licencia. A requerimientos de los agentes no pudo mostrar la licencia para el expendio de bebidas alcohólicas. Fue conducida junto con el acusado ante el Juez Meléndez Agosto, "quien procedió a acusarla a ella de Infracción a la Ley de Bebidas también".

Surge de la prueba de defensa que el acusado trabajaba en el negocio "La Vida en Broma" como empleado, aunque no permanente, debido a que su dueña padecía de flebitis, no podía estar mucho tiempo de pie pero iba siempre al negocio como a las cuatro de la tarde. El acusado desconocía que el negocio no tuviera licencia para expender bebidas alcohólicas. Cuando el acusado trabajaba la dueña del negocio le pagaba $25.00 semanales.

La señora Josefina Calderón era la dueña y la administradora del negocio. Ella fue denunciada como dueña del negocio por los mismos hechos imputados al apelante de expender bebidas alcohólicas sin estar provista de la licencia correspondiente, y pagó la multa que le impusieron.

La "Ley de Espíritus y Bebidas Alcohólicas" impone a los traficantes en bebidas alcohólicas la obligación de obtener una licencia del Secretario de Hacienda y de pagar por ella los derechos que dicha ley prescribe. [1] Al efecto dispone:

_____

[1] 13 L.P.R.A. sec. 1534.

"§ 1534. Traficantes

"Cada año toda persona dedicada a cualesquiera de las ocupaciones o negocios relacionados con la compra o venta de los productos tributables mencionados en este Subtítulo *deberá obtener licencia* del Secretario de Hacienda para cada *negocio, sitio o establecimiento comercial* y pagará por cada licencia los derechos que más adelante se especifican: . . . " (Énfasis nuestro).

El término "Traficante" y "Traficante al detall" lo define la ley, 13 L.P.R.A. sec. 1474 (2) y (4) así:

"(2) 'Traficante': Es toda persona que, por sí o por medio de sus agentes, sirvientes o empleados, venda, cambie, permute, ofrezca en venta o exponga a la venta, o tenga a la venta en su establecimiento mercantil o en cualquier otro sitio, ya sea utilizado también como residencia o para cualquier otro objeto, cualquier producto sujeto a impuesto por este Subtítulo. Todos los productos sujetos a tributación por este Subtítulo que se expongan al público en un establecimiento comercial, se considerarán que están allí con el fin de ser vendidos. Los fabricantes, destiladores y rectificadores que vendan o dispongan de sus productos en sus respectivas fábricas, no serán considerados como traficantes.

(4) 'Traficante al detall': Comprende todos los comerciantes, agencias, comisionistas y demás personas que vendan a otras personas que no sean comerciantes, o traficantes, en aquellas cantidades que generalmente se acostumbra vender para el uso y consumo individual, cualquier producto sujeto a impuesto por este Subtítulo."

Finalmente, y en lo que resulta pertinente en este recurso, la ley impone penalidad por no obtener licencia.

"Sección 1742. Penalidad por no obtener licencia

"Toda persona que emprenda o continúe dedicándose a una industria, negocio u ocupación sujeto a licencia o permiso bajo las disposiciones de este Subtítulo, sin obtener o renovar la licencia correspondiente, o sin pagar los derechos o plazos de éstos, en la forma y tiempo que este Subtítulo prescribe, o cuya licencia haya sido revocada, será culpable de un delito menos grave, y su planta, maquinaria, herramientas, instrumentos, re-

ceptáculos, productos tributables y toda otra propiedad encontrada en el establecimiento del delincuente y que utilice en su industria, negocio u ocupación o para transportar los productos tributables de acuerdo con este Subtítulo, podrá ser confiscada por el Secretario de Hacienda o sus agentes y vendida por aquél en pública subasta para indemnizar al Estado Libre Asociado de Puerto Rico."

■ De acuerdo con los preceptos legales ya citados, si bien la licencia para el expendio de bebidas alcohólicas la expide el Secretario de Hacienda a nombre de una persona, (²) la misma es válida y puede usarse solamente en el negocio, sitio o establecimiento comercial específico para el cual fue expedida. (³)

■ Es un hecho cierto que el establecimiento comercial "La Vida en Broma", no pertenecía al apelante. Su dueña lo era la señora Josefina Calderón y sobre ella recaía la obligación legal de obtener la correspondiente licencia para ese negocio o establecimiento comercial. El apelante era un mero empleado en ese negocio. La señora Calderón, como hemos dicho antes, fue acusada por los mismos hechos imputados al apelante y pagó la multa que se le impuso. El apelante no venía obligado a obtener dicha licencia. La dueña del establecimiento incurrió en responsabilidad aunque ella personalmente no efectuara las ventas. Es suficiente que las hiciera por medio de sus empleados, agentes o sirvientes. 13 L.P.R.A. ya citada.

■ Aun cuando el apelante hubiera sido procesado por ayudar a la dueña del negocio a infringir la ley, 13 L.P.R.A. sec. 1762, la prueba no justificaría la determinación de que el apelante al así actuar lo hacía a sabiendas. Las senten-

---

(²) "Persona" es toda persona natural o jurídica, incluyéndose en este último término las sociedades, firmas, asociaciones y corporaciones, cualesquiera que sea el nombre con que se le conozcan. 13 L.P.R.A. sec. 1474(1).

(³) El Secretario de Hacienda puede negarse a expedir licencias a determinados establecimientos comerciales para el expendio al detall de bebidas alcohólicas. 13 L.P.R.A. sec. 1703.

cias por las infracciones a la Ley de Espíritus y Bebidas Alcohólicas deben ser revocadas.

Sostiene el apelante que la sentencia dictada por infracción a la Sec. 4 de la Ley de Bolita (Ley Núm. 220 de 1948) es nula porque el material de bolita que le fue encontrado en sus bolsillos por la Policía fue el producto de un arresto y registro ilegales.

No hay duda de que un funcionario del orden público puede hacer un arresto sin la orden correspondiente cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. Regla 11 de las de Procedimiento Criminal.

■ La regla no exige que se haya cometido delito, basta que el funcionario tenga motivos fundados para creer que se ha cometido un delito en su presencia. *Pueblo* v. *Cabrera Cepeda*, 92 D.P.R. 70 (1965); *Pueblo* v. *López Rivera*, 89 D.P.R. 791 (1964). Para determinar si el funcionario tenía motivos fundados para creer que se ha cometido un delito en su presencia, la conducta del funcionario o agente ha de ser juzgada a base de la apreciación que haría una persona prudente y razonable de las circunstancias presentes. *Pueblo* v. *Cabrera Cepeda*, supra; *Cepero Rivera* v. *Tribunal Superior*, 93 D.P.R. 245 (1966).

■ En el presente caso los agentes estuvieron en tres fechas distintas en el negocio "La Vida en Broma" y en esas tres ocasiones la única persona atendiendo el negocio y despachando bebidas alcohólicas lo era el apelante. Al solicitársele la licencia correspondiente dijo que no la tenía. En esas circunstancias los agentes tenían motivos fundados para creer que el acusado estaba cometiendo un delito en su presencia y su arresto era legal. Sin embargo, el hecho de que el arresto fuera legal no convierte *ipso facto* el registro del acusado en uno razonable.

■ La prueba no establece circunstancias que justificaren el registro de la persona del apelante. El delito aparentemente cometido en presencia de los agentes consistía en que el establecimiento comercial donde el apelante expendía bebidas alcohólicas no tenía la licencia que para ese fin debía expedir el Secretario de Hacienda. La evidencia ocupada por los agentes consistente en botellas de licor y cajas de cerveza estaba allí expuesta al público. No hubo resistencia por parte del acusado a su arresto ni a la incautación de la evidencia, ni hubo intento alguno de su parte de agredir a los agentes. Bajo estas circunstancias el registro de su persona fue irrazonable y por tanto, el material de bolita ocupádole era inadmisible en evidencia. *Pueblo* v. *Polanco Marcial*, 95 D.P.R. 470 (1968). Debe, en su consecuencia revocarse la sentencia por infracción a la Ley de la Bolita.

En vista del resultado a que llegamos es innecesario considerar el planteamiento sobre la inconstitucionalidad de la Sec. 4 de la Ley de la Bolita, en tanto en cuanto dispone que los juicios por su infracción se verán ante Tribunal de Derecho. Véanse, sin embargo, *Pueblo* v. *Colón Rivera*, 90 D.P.R. 183 (1964); *Pueblo* v. *Pérez Méndez*, 83 D.P.R. 228 (1961) y *Pueblo* v. *Rivera Alvira*, 97 D.P.R. 89 (1969).

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Negrón Fernández, no intervino.