EL PUEBLO DE PUERTO RICO
Recurrido

v.

WILLIAM MELENDEZ URBINA
Peticionario

Núm. KLCE-98-00635

San Juan, Puerto Rico, a 19 de agosto de 1998

Panel integrado por su Presidenta, Juez Rivera de Martínez
y los Jueces Rivera Pérez y Soler Aquino.

Soler Aquino, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La defensa solicita revisión de una resolución del Tribunal de Primera Instancia dictada el 14 de mayo de 1998 y notificada a las partes el 26 de mayo del mismo año, mediante la que dicho foro declaró NO HA LUGAR una moción de supresión de evidencia.

Plantea que el tribunal recurrido erró al denegar de plano la moción de supresión de evidencia, a pesar de la existencia de una controversia sustancial de hechos que hacía necesaria la celebración de una vista evidenciaria.

El peticionario fue acusado por la posesión de cocaína con la intención de distribuirla en violación al Artículo 401 de la Ley de Sustancias Controladas. La acusación estuvo sostenida en la declaración jurada del agente de la policía que intervino con el acusado. La defensa solicitó la supresión de la evidencia incautada, debido a que había sido obtenida mediante un registro ilegal. Alegó que el agente no tenía motivos fundados para efectuar el arresto y registro del acusado sin orden. El ministerio fiscal expresó oposición alegando que la intervención realizada fue conforme a derecho y cumplió con las normas jurisprudenciales establecidas para arrestos sin orden en *Pueblo v. Dolce*, 105 D.P.R. 422 (1976). En consecuencia solicitó la desestimación de plano, sin que fuera necesario la celebración de una vista evidenciaria. El Tribunal declaró NO HA LUGAR de plano la solicitud de supresión de evidencia. La defensa solicitó reconsideración que también fue declarada NO HA LUGAR. Es de esta determinación que se acude ante nos.

Las controversias planteadas se resumen a dilucidar si el arresto y allanamiento del peticionario fueron realizados de forma ilegal. De la contestación a esta primera interrogante, nos corresponde entonces determinar, si el foro recurrido erró al denegar de plano la moción de supresión de evidencia, sin la previa celebración de una vista.

La Regla 11 de Procedimiento Criminal concede a los funcionarios del orden público la facultad para realizar arrestos sin orden:

*"(a) Cuando tuvieren motivos fundados para creer que la persona que va ser arrestada ha*

*cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario deberá solicitar que se expida una-orden de arresto.*

*(b).........*

*(c) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito grave (felony), independientemente de que lo haya cometido o no."*

El motivo fundado se define como la información y conocimiento que llevan a una persona ordinaria y prudente a creer que el arrestado ha cometido un delito. La existencia de motivo fundado para el arresto sin oren es el resultado de una evaluación rápida de circunstancias, a base de la cual el oficial de la policía llega a la conclusión de que la persona ha cometido un delito en su presencia. Para llegar a esta conclusión el agente debe relacionar el comportamiento de la persona a ser arrestada frente a él, con los hábitos de conducta y manera de actuar de los infractores de la ley en circunstancias similares. Se requiere conocer los usos y costumbres de los infractores con los cuales el policía está familiarizado, especialmente si se trata de delitos comunes de alta incidencia. Cada delito tiene unas características externas, una manera ilegal de realizarse que lo proyectan visualmente, tipifican la circunstancia delictiva y dirigen el razonamiento hacia la concreción de motivos fundados para el arresto. ■

Las circunstancias que rodean el arresto del acusado demuestran la existencia de motivo fundado suficiente para su procedencia. El agente de la policía que realizó la intervención acudió por instrucciones de su superior a un negocio de nombre *"El Faro de Wiso"*, sobre el cual se habían recibido confidencias relacionadas al trasiego de drogas. Cuando el agente entró al local inmediatatnente observó a dos individuos, uno de los cuales tenía en su poder, frascos llenos de bolsas pásticas transparentes eh las que había un polvo blanco que por su experiencia como agente de la unidad antidrogas identificó rápidamente como cocaína. Al percatarse de la presencia del agente que todavía no se había identificado como tal, el individuo se llevó la droga y le dijo *"vengo ahora"*. A este momento el agente tenía motivo fundado suficiente para creer que en su presencia se estaba cometiendo un delito, por lo que se identificó como tal y ordenó al peticionario detenerse a lo que hizo caso omiso y tiró el material que posteriormente fue incautado por una ventana del negocio. El agente entonces procedió a arrestarle, le hizo las advertencias legales y ocupó la droga que había tirado por la ventana.

El agente que observó los hechos y en cuyo testimonio está sostenida la acusación, es un oficial adscrito a la División de Drogas de Caguas, quien acudió al negocio donde ocurrieron los hechos que motivaron el arresto a raíz de varias confidencias de que en ese lugar se realizaba el trasiego ilegal de drogas. Resulta obvio concluir que por estar adscrito a la división de drogas este agente tiene vasta experiencia con casos de esa naturaleza, así como también es razonable inferir su familiaridad con los hábitos de conducta y manera de actuar de infractores de la ley en circunstancias similares a las de autos. La experiencia de este agente en cuanto a la identificación de sustancias controladas, las indicaciones de su supervisor sobre las querellas de que los alrededores del negocio eran utilizados para el uso y trasiego de drogas y sus observaciones demuestran que actuó correctamente al concluir que el acusado estaba llevando a cabo transacciones ilícitas con sustancias controladas. La conducta del sospechoso de hacer caso omiso al alto del agente de la policía y tirar los frascos por la ventana, unido a las confidencias recibidas son suficientes para crear en la mente de una persona razonable la convicción de que se está cometiendo un delito en su presencia.

Aun cuando el arresto de una persona sea legal, ello no convalida la incautación y registro incidental de cosas y personas, a menos que de la atmósfera total del caso, el tribunal quede convencido de la existencia de circunstancias adicionales y especiales que provean la justificación necesaria para el registro y la incautación, que no es otra cosa que su razonabilidad. La doctrina de evidencia a plena vista y los casos de evidencia abandonada o lanzada al suelo requieren que el Estado cumpla con los siguientes requisitos:

*"(a) el artículo ocupado por la policía debe haberse descubierto por estar a plena vista y no en el curso o por razón de un registro;*

*(b) el agente que observa la prueba debe haber tenido derecho previo a estar en la posición desde la cual podía verse la prueba;*

*(c) debe descubrirse el objeto inadvertidamente; y*

*(d) la naturaleza delictiva del objeto debe surgir de la simple observación".* ■

La incautación de evidencia arrojada y abandonada voluntariamenté por una persona no constituye un registro que active la protección contra registros y allanamientos irrazonables, salvo que la evidencia haya sido arrojada y abandonada como consecuencia de una actuación ilegal o coercitiva de la policía. Aunque el testimonio en casos de evidencia abandonada, lanzada al suelo o producto de un acto ilegal a plena vista debe ser escudriñado con especial rigor, no significa que deba descartarse siempre. Dicho testimonio sólo deberá ser rechazado si es inherentemente irreal o increíble. La presencia de contradicciones, lagunas o vaguedad en el testimonio tiende a reforzar el recelo con que hay que evaluarlo. Por el contrario, pierde su condición de estereotipado si va más allá de los datos indispensables para probar los requisitos mínimos del delito y se le rodea de elementos como: las circunstancias en que funciona el agente, el término de su investigación, los resultados obtenidos fuera del caso en trámite y otros detalles. ■

En el caso de autos el registro incidental al arresto del peticionario está justificado dadas las circunstancias que rodean el mismo. La droga ocupada se encontraba a plena vista. Cuando el agente de la policía acudió al negocio, observó al acusado con dos frascos de cristal, llenos de sobres con un material, que dada su experiencia pudo identificar a simple vista que eran drogas. El acusado lanzó el material por una ventana, luego de escuchar el alto de un agente de la policía. El agente que observó la prueba tenía derecho a estar en la posición desde la cual observó la prueba. Este acudió al negocio donde arrestó al acusado a raíz de unas confidencias, para realizar labores investigativas. No fue al lugar con la intención de realizar un allanamiento sino que al entrar se encontró con la comisión de hechos delictivos, por lo que procedió a efectuar arresto y ocupación de la evidencia delictiva de conformidad con la citada Regla 11 de Procedimiento Criminal. El agente no buscó la droga, sino que la obtuvo inadvertidamente luego de presenciar los hechos delictivos y de que el acusado lanzara la misma por la ventana. Como hemos expresado la naturaleza delictiva del objeto surge de su simple observación. Tampoco existen lagunas, incongruencias, ni vaguedad en el testimonio del agente encubierto. Por el contrario el mismo está sostenido por sus hallazgos y por las confidencias previamente obtenidas y que motivaron la investigación.

No basta que el promovente de la moción de supresión alegue de forma escueta uno de los fundamentos que enumera la citada regla. Se exige que se expongan los hechos precisos o las razones específicas que sostengan los fundamentos en que se basa la moción de supresión de evidencia. El promovente debe demostrar que existe una controversia sustancial de hecho que haga necesaria la celebración de una vista evidenciaria. En ausencia de esa demostración de la defensa, el tribunal podrá resolver la moción de supresión a base de los escritos presentados por las partes esto es, sin la celebración de una vista evidenciaria. ■

Resuelta la legalidad del arresto y el registro en cuya alegada ilegalidad esta fundamentada la moción de supresión de evidencia, estamos obligados a confirmar la resolución del Tribunal de Primera Instancia denegando de plano dicha moción. El escrito de revisión no demuestra la existencia de una controversia sustancial de hechos que haga necesaria la celebración de una vista evidencia. La legalidad del arresto y el allanamiento surge de la faz de la evidencia documental que obra en el expediente.

Por todas las razones antes expuestas y de conformidad al derecho citado resolvemos denegar el recurso de autos.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

## ESCOLIOS 98 DTA 213

**1.** *Pueblo v. Cablera Cepeda,* 92 D.P.R. 70 (1965), *Pueblo en interés del Menor E.P.P.,*138 D.P.R. ___, **93 J.T.S. 39**; *Pueblo v. Alcalá Fernández,* 103 D.P P 326 (1988), *Pueblo v. Rivera Rivera,* 117 D.P.R. 28 (1986).

**2.** *Pueblo v. González Del Valle,* 102 D.P.R. 374 (1974), *Pueblo v. Dolce,* 105 D.P.R. 422 (1976), *Pueblo v. Espinet Pagán,* 112 D.P.R. 531 (1982), *Pueblo v. Malavé,* 120 D.P.R. 470 (1981), *Pueblo en Interés del Menor,* **93 J.T.S. 39.**

**3.** *Pueblo en Interés del Menor, supra.*

**4.** Regla 234 de Procedimiento Criminal, *Pueblo v. Rivera,* 117 D.P.R. 283 (1986). *Pueblo v. Maldonado Rivera,* 135 D.P.R. 33 (1994).