TEXTO COMPLETO DE LA SENTENCIA
El señor Edgardo Acevedo Guzmán (señor Acevedo) apela una sentencia dictada el 18 de noviembre de 1999 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante la misma, se le declaró culpable de infringir el Art. 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. see. 2401, y se le condenó a cumplir diez (10) años de cárcel. Por los fundamentos que pasamos a exponer más adelante, confirmamos la sentencia apelada. Repasemos los hechos pertinentes.
*596 Al señor Acevedo se le acusó de distribuir la sustancia controlada conocida como cocaína. Art. 401 de la Ley de Sustancias Controladas, Id.
El día del juicio, el ministerio público presentó en evidencia los testimonios de los agentes José Valle (agente Valle), Nelson Hilario Galarza (agente Hilario) y Charlie Pérez Feliciano (agente Pérez); fotografías del lugar de los hechos y los .24 gramos de cocaína ocupados. La defensa no presentó prueba alguna.
El agente Valle testificó que el día de los hechos prestaba vigilancia dentro de un vehículo de motor no rotulado al Colmado Los Compadres (el Colmado), en la carretera 467 de Aguadilla. Esto, debido a que había recibido confidencias de que en ese lugar operaba un punto de drogas.
El agente Valle narró que en el Colmado se encontraba Luis Rodríguez Hilario (señor Rodríguez) y asomado por una ventana, el señor Acevedo. Atestiguó que vio llegar al lugar una camioneta Montero color blanca conducida por el Sr. Edwin Pellot (señor Pellot). El agente Valle declaró que el señor Pellot redujo la velocidad al llegar a la esquina y con un dedo le hizo señas al señor Rodríguez indicando un número uno (1). El agente Valle escuchó cuando el señor Rodríguez le gritó al señor Pellot que diera la vuelta. Este último dio la vuelta por el bloque en que estaba ubicada una escuela y se estacionó en frente del agente Valle.
El agente Valle atestiguó que el señor Rodríguez corrió hacia la camioneta del señor Pellot, éste le hizo la misma seña y le entregó dinero. Narró que el señor Rodríguez corrió hasta el Colmado y le entregó el dinero al señor Acevedo. Nuevamente corrió, le hizo señas al señor Pellot y entró a una residencia. El agente Valle testificó que el señor Rodríguez corrió hacia la camioneta del señor Pellot y con la mano izquierda le entregó a éste una bolsa plástica transparente con un polvo blanco en su interior.
El agente Valle declaró que llamó al agente Pérez a la Unidad de Saturación de la Policía de Aguadilla para que acudiera al lugar a arrestar al señor Acevedo. El agente Pérez procedió con el arresto.
Por su parte, el agente Hilerio prestó testimonio relativo al arresto del señor Pellot y el agente Pérez en cuanto al arresto del señor Acevedo.
Luego de aquilatar la prueba que le fue presentada, el Tribunal de Primera Instancia dictó sentencia mediante la cual declaró culpable al señor Acevedo de la infracción imputada y le condenó a cumplir diez (10) años de cárcel.
No conforme, el señor Acevedo apeló ante este Tribunal. En su primer señalamiento de error, le imputa al foro apelado haber incidido al admitir la evidencia ocupada el día de los hechos, ya que alega que los agentes que intervinieron en el caso carecían de motivos fundados para creer que se había cometido un delito. En el segundo señalamiento de error, sostiene que el ministerio público no cumplió con su deber de probar su culpabilidad más allá de duda razonable, ya que la prueba de cargo fue insuficiente y el testimonio del agente Valle uno esterotipado.
Contando con el beneficio de los alegatos de las partes, los autos originales y la exposición narrativa de la prueba, estamos en condiciones de resolver y así prodecemos a hacerlo.
II
Por estar intrínsecamente entrelazados, discutiremos conjuntamente el dueto de señalamientos de errores apuntados por el señor Acevedo en su recurso de apelación. Nos corresponde, pues, dilucidar si el testimonio del agente Valle fue estereotipado, por lo que no tenía motivos fundados para arrestar al señor Acevedo, y si procedería la revocación de la sentencia apelada, toda vez que no se probó la culpabilidad de éste más allá de duda razonable.
*597 El señor Acevedo plantea que oportunamente solicitó una supresión de la evidencia ocupada, requerimiento que según él repitió en el juicio, debido a que el agente Valle no tenía motivos fundados para creer que había participado en una transacción de narcóticos. Sin embargo, alertados por el Procurador General, examinamos los autos originales y en éstos no aparece moción de supresión de evidencia alguna, ni una resolución adjudicando la misma. Es más, el número del caso que aparece en la moción anejada al recurso es distinto al número del caso de marras; pareciera como si ésta formara parte de otros casos radicados relacionados con la misma transacción. Nos preguntamos porqué el señor Acevedo incluyó la misma en el apéndice.
No obstante, aunque esta moción debe ser presentada cinco (5) días antes del juicio, la moción de supresión de evidencia puede presentarse en el acto de celebración de juicio, si se demuestra la existencia de justa causa para no haberla presentado dentro del referido término, o que al acusado no le constaren los fundamentos de la moción, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. Regla 234 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 234.
Así, pues, es menester comenzar nuestro análisis considerando si de la prueba de cargo surgió que el agente Valle no tenía motivos fundados para creer que el señor Acevedo había cometido un delito en su presencia. Para sustentar esta teoría, el señor Acevedo arguye que el testimonio del agente Valle fue estereotipado con el fin de fabricar sus motivos fundados. Alega que el agente estaba lo suficientemente distante del Colmado como para ver y escuchar la alegada transacción. Además, pretende presentamos la entrega del dinero al señor Acevedo como un hecho aislado, el cual formó parte de las actividades estrictamente comerciales del señor Acevedo como dueño del Colmado.
Es doctrina establecida en nuestro ordenamiento que el uso de declaraciones estereotipadas por agentes del orden público debe ser objeto de escrutinio riguroso. Esto, con el fin de evitar que declaraciones falsas o inexactas vulneren derechos de ciudadanos inocentes. Pueblo v. Acevedo Estrada, 150 D.P.R. _ (2000), 2000 J.T.S. 22.
La jurisprudencia ha definido el concepto de testimonio estereotipado como "...aquél que se reduce a establecer los elementos mínimos necesarios para sostener un delito sin incluir detalles imprescindibles para reforzarlos." Pueblo v. Rivera Rodríguez, 123 D.P.R. 443, 480 (1989).
En Pueblo v. Camilo Meléndez, 148 D.P.R. _ (1999), 99 J.T.S. 96, se resumieron los criterios para evaluar la credibilidad de un testimonio estereotipado:

“1. Debe ser escudriñado con especial rigor.

2. Tanto los casos de evidencia abandonada o lanzada al suelo como los casos del acto ilegal a plena vista, deben, en ausencia de otras consideraciones, inducir sospecha de la posible existencia de testimonio estereotipado.

3. Cuando el testimonio es inherentemente irreal o improbable, debe rechazarse.

4. El testimonio estereotipado puede perder su condición de tal, si, yendo más allá de los datos indispensables para probar los requisitos mínimos de un delito, se le rodea de las circunstancias en que funciona el agente, el término de su investigación, los resultados obtenidos fuera del caso en trámites y otros detalles.

5. La presencia de contradicciones o vaguedades en el testimonio debe tender a reforzar el recelo con que hay que escuchar esta clase de declaraciones. ”

De conformidad con las normas jurisprudenciales expuestas, al examinar con especial rigor el testimonio del agente Valle, concluimos que no fue estereotipado. Este narró que prestó vigilancia al Colmado, ya que recibió confidencias de que en ese lugar operaba un punto de drogas. El agente Valle describió detalladamente los hechos específicos que observó. Declaró la forma en la que realizó la investigación de los hechos, desde dónde efectuó *598 las observaciones y la localización de los sujetos involucrados. Además, las señas que el señor Pellot le hizo al señor Rodríguez con el dedo indicándose un número uno (1), el dinero que el primero le entregó al segundo, el cual a su vez se lo entregó, corriendo, al señor Acevedo. El agente Valle describió cómo el señor Rodríguez le hizo señas al señor Pellot, entró a una residencia y finalmente le entregó a éste una bolsa plástica transparente con un polvo blanco en su interior.
El testimonio del agente Valle no es inherentemente real o improbable. Fue más allá de los datos mínimos que probaban la comisión del delito de distribución de sustancias controladas. El agente Valle atestó todas las circunstancias que rodearon la transacción delictiva. Con su experiencia dentro del cuerpo policíaco del país, conoce las características externas de una transacción de drogas y la proyección visual de éstas. Esa misma experiencia le permitió identificar la droga a cierta distancia, aunque no sea con una precisión total e infalible.
Una vez superado este escollo, es pertinente dilucidar si se desprende de la totalidad de las circunstancias que el agente Valle tenía motivos fundados para creer que el señor Acevedo había cometido un delito en su presencia, requisito exigido para que un agente del orden público, por excepción, pueda realizar un arresto sin previa orden judicial. Regla 11 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 11.
Es preciso, pues, definir en qué consisten los motivos fundados, que por excepción permiten el arresto sin orden judicial. Concretamente se ha resuelto que tales motivos fundados existen si se desprende de la totalidad de las circunstancias del caso en particular que una persona ordinaria y prudente poseería aquella información y conocimiento que la llevarían a creer que la persona arrestada ha cometido o va a cometer el delito en cuestión. Pueblo v. Colón Bernier, 148 D.P.R. _ (1999), 99 J.T.S. 64; Pueblo v. Ruiz Bosch, 127 D.P.R. 762 (1991).
Taxativamente, el Tribunal Supremo ha expresado que existen tales motivos fundados cuando un agente del orden público observa una clara transacción de drogas. Pueblo v. Cabrera Cepeda, 92 D.P.R. 70, 74 (1965). El agente del orden público que realiza tal arresto debe conocer o estar informado de hechos concretos que razonablemente apunten a la comisión de un delito. Meras sospechas no bastan. Pueblo v. Ortiz Alvarado, 135 D.P.R. 41 (1994).
Finalmente, la exigencia de motivos fundados no impide que los agentes del orden público actúen en forma coordinada y concertada en la persecución de un crimen. El conocimiento de cada agente, cuando trabajan cerca y se mantienen informados, es atribuible a los demás. Basta con que el agente de la Policía que inició la cadena de comunicaciones tenga información de primera mano, siendo innecesario que el oficial que lleva a cabo el arresto lo haga basándose únicamente en su conocimiento personal de las circunstancias. Pueblo v. Martínez Torres, 120 D.P.R. 496, 504 (1988); Pueblo v. Luzón, 113 D.P.R. 315, 324 (1984).
Con estos antecedentes doctrinales como norte, concluimos que el agente Valle tenía motivos fundados para creer que el señor Acevedo había cometido un delito en su presencia, los cuales transfirió al agente Pérez, el cual procedió a efectuar el arresto.
El Tribunal de Primera Instancia evaluó la prueba desfilada, contando con la oportunidad de observar y escuchar a los testigos. Es más, según surge de la minuta de la vista en su fondo, el tribunal celebró una inspección ocular en el lugar de los hechos con el fin de constatar la distancia desde la cual el agente Valle observó los hechos. El foro sentenciador prestó credibilidad al agente Valle. Consideró que el hecho de que éste observara una clara transacción de drogas, le confirió los motivos fundados para intervenir con el señor Acevedo. Motivos fundados, que como hemos visto, transfirió válidamente al agente Pérez.
La apreciación de la prueba efectuada por el Tribunal de Primera Instancia merece gran respeto y deferencia. Pueblo v. Acevedo Estrada, 2000 J.T.S. 22, 150 D.P.R. _ (2000), a la pág. 573. Como es sabido, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, nos está vedado intervenir con la apreciación de la pmeba que haya hecho el juzgador de los hechos a nivel de instancia. Pueblo v. Amparo, 146 D.P.R. _, 98 J.T.S. 100.
*599 En Pueblo v. Acevedo Estrada, supra, se expresó que:

“...a menos que existan los elementos antes mencionados y/o que la apreciación de la prueba se distancie de la realidad fáctica o ésta sea inherentemente imposible o increíble, el tribunal apelativo deberá abstenerse de intervenir con la apreciación de la prueba hecha por el juzgador de los hechos. (Citas omitidas). En otras palabras, las determinaciones que hace el juzgador de los hechos no deben ser descartadas arbitrariamente, ni tampoco deben sustituirse por el criterio del foro apelativo, a menos que de la prueba admitida surja que no existe base suficiente que apoye tal determinación. (Cita omitida)”

Recapitulando, el ministerio público probó la culpabilidad del señor Acevedo más allá de toda duda razonable. Pueblo v. González Román, 138 D.P.R. _ (1995), 95 J.T.S. 86. Es decir, probó los elementos del delito imputado y su conexión con el señor Acevedo más allá de duda razonable. Pueblo v. Calderón Alvarez, 140 D.P.R. _ (1996), 96 J.T.S. 57, a la pag. 1010. El ministerio publico presentó prueba suficiente en derecho y satisfactoria. Esta produjo certeza o convicción moral en una conciencia exenta de preocupación. Pueblo v. Rodríguez Santana, 146 D.P.R. _ (1998), 98 J.T.S. 141.
DI
Por los fundamentos expuestos, se confirma la sentencia apelada.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General