# 2004 DTA 86

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGION JUDICIAL DE PONCE**

RECEIVED

AUG 2 4 2004

SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

EL PUEBLO DE PUERTO RICO
Recurrido

v.

LUIS SANTIAGO VELAZQUEZ
Acusado-Peticionario

Núm. KLCE-04-00318

San Juan, Puerto Rico, a 2 de abril de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
la Juez Hernández Torres y el Juez Martínez Torres

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El acusado-peticionario, Luis Santiago Velázquez, solicita que revoquemos una determinación denegando una moción de supresión de evidencia, emitida por el Tribunal de Primera Instancia, Sala de Ponce (Hon. Roberto L. Angleró Ortiz, Juez). Como el juicio está señalando para comenzar el 12 de abril de 2004, el acusado-peticionario solicita también la paralización de ese proceso judicial. Alega que la declaración del policía en la vista de supresión constituyó testimonio estereotipado, por su contenido *"flaco y descarnado"*. Evaluado el relato de hechos que hace el acusado-peticionario, y basándonos en el Derecho aplicable, denegamos la solicitud de *certiorari* y la moción de paralización en auxilio de jurisdicción.

### I

Según el relato que hace el acusado-peticionario en la solicitud de *certiorari*, el policía Radamés Irizarry Santiago, de la División de Drogas de Yauco, testificó que luego de recibir una confidencia anónima por teléfono, montó vigilancia junto a otros agentes en el parque de pelota del Barrio Indio de Guayanilla. Allí observó cómo a una distancia de entre diez y doce pies de él, el acusado-peticionario Santiago Velázquez estaba junto a otro individuo que le mostraba una bolsa plástica transparente que según su experiencia, el agente concluyó que se trataba de una sustancia controlada. Los agentes intervinieron y el otro individuo se fue a la fuga. Detuvieron al acusado-peticionario Santiago Velásquez y tras un registro incidental, le ocuparon heroína en sus bolsillos.

El acusado-peticionario Santiago Velásquez sostiene que ese registro incidental es ilegal porque la versión del agente no es creíble. A su juicio, se trata de *"testimonio flaco y descarnado"* (Sol. *Cert.* A la pág. 14), de naturaleza estereotipada, que por consiguiente no merece credibilidad. Discrepamos.

### II

El Artículo II, Sección 10 de la Carta de Derechos de la Constitución de Puerto Rico, establece:

*"No se violará el derecho del pueblo a la protección de sus personas, casas, papeles contra registros y allanamientos irrazonables.*

*No se interceptará la comunicación telefónica. Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada de un juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.*

***Evidencia obtenida en violación de esta sección será inadmisible en los tribunales."*** (Enfasis suplido).

Los tres objetivos históricos que persigue la garantía constitucional del Artículo II, Sección 10, son: proteger la intimidad y dignidad de los seres humanos, amparar sus documentos y otras pertenencias e

interponer la figura de un juez entre los funcionarios públicos y las personas para ofrecer mayor garantía de razonabilidad a la intrusión. *E.L.A. v. Coca Cola*, 115 D.P.R. 197, 207 (1984). La regla de exclusión de evidencia obtenida en violación de dicha garantía constitucional es una de las fundamentadas en razones de interés público, para hacer valer la garantía contra registros, detenciones o incautaciones irrazonables, totalmente al margen del interés en la búsqueda de la verdad. Ernesto L. Chiesa, *Derecho Procesal Penal de Puerto Rico y los Estados Unidos*. Colombia, Ed. Forum, 1991, Vol. I, Sec. 6.2, n. 7, pág. 284.

Cónsono con la disposición constitucional, en Puerto Rico impera la norma general de que todo registro, allanamiento o incautación que se realice sin que medie una orden de un magistrado, se presume ilegal o irrazonable, y por ende, la evidencia producto del mismo no puede ser utilizada en un proceso judicial. *Pueblo v. Malavé González*, 120 D.P.R. 470 (1988); *E.L.A. v. Coca Cola, supra*. Compete al Ministerio Público rebatir dicha presunción mediante la presentación de prueba sobre la existencia de circunstancias especiales que requirieron la intervención sin orden judicial. *Pueblo v. Lebrón*, 108 D.P.R. 324 (1979); *Pueblo v. Dolce*, 105 D.P.R. 422 (1975).

La Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 234, es la que regula la supresión de cualquier evidencia que haya sido obtenida mediante un registro o allanamiento ilegal. Esencialmente, la Regla 234, *id.*, está redactada para la solicitud de supresión de evidencia bajo la Sección 10 del Artículo II de la Constitución de Puerto Rico o bajo su equivalente federal, la Enmienda Cuarta. Chiesa, *supra*, a la pág. 328.

## III

Aunque el Artículo II, Sección 10 de la Constitución, *supra*, exige un mandamiento u orden expedido por autoridad judicial para efectuar un arresto, existe una excepción establecida mediante legislación. Dicha excepción está contenida en la Regla 11 de Procedimiento Criminal, *supra*, R. 11; *Pueblo v. Serrano, Serra*, 148 D.P.R. 173 (1999); *Pueblo v. Martínez Torres,* 120 D.P.R. 496, 501 (1988). La Regla 11, *supra*, establece que un funcionario del orden público podrá realizar un arresto sin orden cuando: (a) tuviere motivos fundados para creer que la persona que ha de ser arrestada ha cometido un delito en su presencia; (b) cuando la persona arrestada hubiese cometido un delito grave, aunque no en su presencia; (c) cuando tuviese motivos fundados para creer que la persona que ha ser arrestada ha cometido un delito grave, independientemente que ese delito se hubiera cometido o no en realidad.

La frase *"motivos fundados"* es sinónima de *"causa probable"*. La jurisprudencia basa el concepto de *"motivos fundados"* en la posesión de aquella información o conocimiento que llevan a una persona ordinaria y prudente a creer que el arrestado ha cometido delito. *Cepero Rivera v. Tribunal,* 93 D.P.R. 245, 248 (1966); *Pueblo v. Cabrera Cepeda*, 92 D.P.R. 70, 74 (1965). La conducta del funcionario público se juzga en orden al criterio de la persona prudente y razonable, por lo que es necesario considerar las circunstancias específicas del arresto para determinar su validez. *Pueblo v. Alcalá Fernández,* 109 D.P.R. 326, 331-333 (1980); *Pueblo v. Lafontaine,* 98 D.P.R. 75, 81 (1969). Lo importante es determinar si el agente que efectúa el arresto sin orden judicial tenía, al momento de hacerlo, base razonable o información y conocimiento para creer que se estaba violando o se iba a violar la ley, esto es, la información que lleva a una persona ordinaria y prudente a creer que la persona detenida ha cometido delito. *Pueblo v. Ruiz Bosh,* 127 D.P.R. 762, 770 (1991); *Pueblo v. Ortiz Alvarado*, 135 D.P.R. 41, 47 (1994); *Pueblo v. Cabrera Cepeda, supra*, a las págs. 73-75.

La existencia de *"motivos fundados"* para el arresto sin orden de magistrado es el resultado de una rápida evaluación de circunstancias, en la cual el oficial de la policía llega a la conclusión de que la persona ha cometido un delito en su presencia. Para así concluir, el agente debe relacionar el comportamiento de la persona frente a él, con los hábitos de conducta y manera de actuar de infractores de la ley en circunstancias similares. *Pueblo v. Pacheco Báez*, 130 D.P.R. 664, 671 (1992).

En relación con arrestos efectuados por agentes del orden público, como consecuencia de haber recibido

éstos una "*confidencia*" sobre supuesta actividad delictiva, el Tribunal Supremo adoptó la norma federal utilizada para evaluar las circunstancias en que una confidencia puede servir de base para la existencia de causa probable. En *Pueblo v. Díaz Díaz*, 106 D.P.R. 348, 354 (1977), el Tribunal Supremo resolvió lo siguiente:

"*Una confidencia es suficiente para validar la existencia de causa probable si se establece la concurrencia de una o más de las siguientes circunstancias: 1) que el confidente previamente ha suministrado información correcta; 2) que la confidencia conduce hacia el criminal en términos de lugar y tiempo; 3) que la confidencia ha sido corroborada por observaciones del agente, o por información proveniente de otras fuentes; y 4) que la corroboración se relaciona con actos delictivos cometidos, o en proceso de cometerse.*"

La norma esbozada en *Pueblo v. Díaz Díaz, id.*, se elaboró en el contexto de arrestos sin orden según los "*motivos fundados*" en confidencias. Sin embargo, en *Pueblo v. Pagán Ortiz*, 130 D.P.R. 470 (1992), el Tribunal Supremo extendió la antes transcrita norma al ámbito de los registros y allanamientos.

En ocasiones anteriores, el Tribunal Supremo señaló que bastaba uno sólo de los requisitos esbozados en *Pueblo v. Díaz Díaz, supra*, para que la información provista por un confidente anónimo sirviera parcialmente de base para la determinación válida de causa probable. *Pueblo v. Muñoz, Colón y Ocasio*, 131 D.P.R. 965, 982-983 (1992). Sin embargo, el Tribunal en *Pueblo v. Muñoz, Colón y Ocasio, id.*, a la pág. 983, aclaró que "*lo cierto es que al aplicar la norma, siempre hemos exigido que la confidencia haya sido corroborada por el agente, ya sea mediante observación personal o por información de otras fuentes*".

En *Pueblo v. Muñoz, Colón y Ocasio, id.*, y reafirmado en *Pueblo v. Serrano, Serra, supra*, se estableció que la corroboración no debe limitarse a juzgar si la conducta observada es inocente o incriminatoria, sino a evaluar el grado de sospecha que levantan todos los actos de la persona objeto de la confidencia. En resumen, el Tribunal Supremo resolvió sobre dicho particular:

"*Ello debe quedar meridianamente claro. Una confidencia sobre posible actividad delictiva, por sí sola, no es suficiente para privar de su libertad a uno de nuestros conciudadanos; tiene que haber corroboración de actividad sospechosa o delictiva. En otras palabras, la confidencia recibida no se corrobora con cualquier información que tienda a establecer que alguna parte del contenido de la misma es veraz. Tiene que haber, como dijimos, corroboración de actividad sospechosa.*"

*Pueblo v. Serrano, Serra, supra*, a la pag. 187 (nota suprimida).

## IV

La prohibición constitucional que impide realizar registros sin orden previa, tampoco es absoluta. *Pueblo v. Castro Rosario*, 125 D.P.R. 164 (1990); *Pueblo v. Rivera*, 117 D.P.R. 283, 294 (1986). Varias excepciones han sido reconocidas, entre otras, cuando se da el consentimiento para el registro o se renuncia al derecho constitucional contra registros y allanamientos irrazonables, *Pueblo v. González Rivera, supra,* pág. 656. También se ha permitido el registro cuando es uno en situación de emergencia, *Pueblo v. Rivera Collazo*, 122 D.P.R. 408 (1988), y cuando se trata de un registro sobre la persona y del área de su alcance inmediato, siempre que sea incidental a un arresto legal. *Pueblo v. Malavé González, supra*, pág. 477; *Pueblo v. González Rivera*, 100 D.P.R. 651, 656, (1972); *Pueblo v. Sosa Díaz*, 90 D.P.R. 622, 626-627 (1964).

En cuanto a esa última excepción del registro incidental al arresto, "*es condición indispensable que se haya practicado un previo arresto válido, ya sea con la orden correspondiente o sin orden en los casos que el arresto se ha encontrado razonable. La razonabilidad constitucional de ese registro requiere, además que el mismo sea incidental en tiempo y lugar al arresto, pues el mero hecho de que se haya hecho un arresto legal no convalida, ipso facto, un registro o incautación sin orden*". *Pueblo v. Pacheco Báez, supra*, a las págs. 670-671. Véase además, *Pueblo v. Dolce, supra*.

También se ha establecido que no es necesario una orden judicial previa cuando se trata de evidencia a plena vista, *Pueblo v. Espinet Pagán*, 112 D.P.R. 531, 537 (1982); *Pueblo v. Dolce*, 105 D.P.R. 422, 436 (1976); cuando el agente del orden público obtiene conocimiento de la existencia del material delictivo por el olfato, *Pueblo v. Acevedo Escobar*, 112 D.P.R. 770, 779 (1982); o cuando el material ha sido abandonado o arrojado, *Pueblo v. Ortiz Martínez*, 116 D.P.R. 139, 144-45 (1985).

## V

Como vimos, existen unas excepciones específicas al requisito de orden judicial previo a un registro. Una de dichas excepciones lo es el acto ilegal a plena vista. Para que sea razonable, y por lo tanto válido un registro sin orden judicial previa, conforme a la norma de excepción aplicable al acto ilegal a plena vista o percepción, el Ministerio Público debe probar que: (1) el objeto debe habèrse descubierto por estar a plena vista y no en el curso de un registro; (2) el agente que observe el objeto debe haber tenido derecho previo a estar en la posición desde la cual podía verse tal objeto; (3) el objeto debe descubrirse inadvertidamente; y (4) la naturaleza delictiva del objeto debe surgir de la simple observación. *Pueblo v. Dolce, supra*, a la pág. 436. Véase además *Pueblo v. Malavé González, supra*, a la pág. 478.

Los casos en que se reclama la validez de un registro sin orden por ser consecuencia de un acto ilegal a plena vista o por tratarse de evidencia abandonada o lanzada al suelo, pueden, en ausencia de otras consideraciones, inducir la sospecha de un posible testimonio estereotipado. *Pueblo v. Rivera Rodríguez*, 123 D. P.R. 467 (1989); *Pueblo v. González del Valle*, 102 D.P.R. 37, 378 (1974). No obstante, el simple hecho de que la evidencia esté a simple vista o haya sido abandonada no es suficiente para concluir que se está frente a un testimonio *"flaco y descarnado"*. *Pueblo v. Espinet Pagán*, 112 D.P.R. 531, 537 (1982).

Se considera un testimonio estereotipado aquél que se limita a establecer los elementos mínimos necesarios para sostener un delito sin incluir detalles imprescindibles para reforzarlos. *Pueblo v. Acevedo Estrada*, 150 D. P.R. 84 (2000); *Pueblo v. Rivera Rodríguez, supra*, pág. 480. En *Pueblo v. González Del Valle, supra*, el Tribunal Supremo estableció los criterios para evaluar la credibilidad de un testimonio. Los criterios son los siguientes:

*"1. Todo testimonio estereotipado debe escudriñarse con especial rigor.*

*2. Tanto los casos de la evidencia abandonada o lanzada al suelo, como los casos de acto ilegal a plena vista deben, en ausencia de otras consideraciones, inducir sospecha de la posible existencia de testimonio estereotipado.*

*3. Cuando el testimonio es inherentemente irreal o improbable, debe rechazarse.*

*4. El testimonio estereotipado puede perder su condición como tal, si yendo más allá de los datos indispensables para probar los requisitos mínimos de un delito, se le rodea de las circunstancias en que funciona el agente, el término de su investigación, los resultados obtenidos fuera del caso en trámite y otros detalles.*

*5. La presencia de contradicciones, lagunas o vaguedades en el testimonio debe tender a reforzar el recelo con que hay que escuchar esta clase de declaraciones."*

## VI

En este caso, el policía recibió una confidencia que fue debidamente corroborada mediante observación personal. En el instante que observaron la transacción de drogas, los agentes tenían motivos fundados para creer que se estaba cometiendo un acto ilegal en su presencia y, en consecuencia, podían arrestar al peticionario e incautarse de la evidencia delictiva.

Resolvemos, pues, que en el caso que nos ocupa concurren las circunstancias que validan y hacen razonable un registro sin orden judicial conforme a la norma de excepción aplicable al acto ilegal a plena vista.

Por último, abordamos el señalamiento de error del peticionario que apunta al supuesto carácter estereotipado del testimonio ofrecido por el agente Radamés Irizarry Santiago. Valga señalar que el Tribunal Supremo ha reconocido que los magistrados que presiden las vistas de supresión de evidencia están facultados para adjudicar o dirimir la credibilidad de la prueba que se presenta en las mismas. *Pueblo v. Bonilla Romero*, 120 D.P.R. 92, 109-110. Como bien ha expresado el Tribunal Supremo, el juez de primera instancia es el más indicado para otorgar credibilidad y dirimir conflictos de prueba, pues goza de la oportunidad de ver y escuchar directamente a los testigos. *Pueblo v. Ruiz*, 125 D.P.R. 370 (1990).

También es norma ampliamente reconocida que los tribunales apelativos no intervendrán con la apreciación y adjudicación de credibilidad que haya realizado el juzgador de los hechos en una moción de supresión de evidencia, a menos que se pruebe pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Meliá León,* 143 D.P.R. 708 (1997).

No consideramos que el testimonio ofrecido por el agente Irizarry Santiago pueda considerarse como irreal o improbable. Tampoco encontramos lagunas o ambigüedades en el testimonio que nos lleven a sustituir el criterio del Tribunal de Primera Instancia por el nuestro. Es por esa razón que tomando como cierto el relato que hace el acusado-peticionario, aún así no intervendremos con la apreciación de la prueba del juez de primera instancia, más aún cuando no se ha probado que existió pasión, prejuicio o parcialidad al aquilatar la misma.

## VII
Por los fundamentos antes expuestos, se deniegan la expedición del auto de *certiorari* y la moción de paralización en auxilio de nuestra jurisdicción.

Adelántese por teléfono y **fax** y notifíquese de inmediato por la vía ordinaria.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General